1  **CLAYEO C. ARNOLD**
**A Professional Corporation**
2  **Clayeo C. Arnold, SBN 65070**
**Kirk J. Wolden, SBN 138902**
3  **608 University Avenue**
**Sacramento, CA 95825**
4  **Telephone: (916) 924-3100**
**Fax:  (916) 924-1829**
5
6  **Attorney for the Class**
7
8  **UNITED STATES DISTRICT COURT**
9  **NORTHERN DISTRICT OF CALIFORNIA**
10  **(OAKLAND DIVISION)**
11
12  **KIRK KEILHOLTZ and KOLLEEN**                    )    **No. CV 08-00836 SI**
     **KEILHOLTZ for themselves and on**              )
13  **behalf of those similarly situated,**            )    **DECLARATION OF KIRK J. WOLDEN RE**
                                                       )    **INABILITY TO FILE JOINT CASE**
14       **Plaintiffs,**                               )    **MANAGEMENT STATEMENT**
                                                       )
15  **vs.**                                            )
                                                       )
16  **SUPERIOR FIREPLACE COMPANY;**                    )
     **LENNOX HEARTH PRODUCTS, INC.;**                 )
17  **LENNOX INTERNATIONAL, INC. and**                 )
     **DOES 1 through 25, Inclusive,**                 )
18                                                     )
         **Defendants.**                               )
19  _____ )
20       I, Kirk J. Wolden, declare:

21       1.    I am an attorney employed with Clayeo C. Arnold, P.L.C., counsel for plaintiffs in

22  this action.  I make this declaration on personal knowledge and, where indicated, on

23  information and belief.  If called upon to testify about the matters referred to herein, I would

24  and could do so.

25       2.    This case, filed on February 6, 2008, was assigned to Judge Susan Illston on

26  April 28, 2008.  As of the time of this assignment, plaintiffs had not previously served

27  defendants as plaintiffs' counsel had been awaiting, and had previously requested, issuance of

28

1  summons to each defendant.  Summons were first received by our office by email on May 6,
2  2008, and by mail on May 6, 2008.

3      3.      The assignment to Judge Illston was followed shortly thereafter by an April 30,
4  2008 Notice of Initial Case Management Conference set for May 16, 2008.

5      4.      This action involves a class action which seeks to certify a national class of
6  owners of fireplaces designed, manufactured and distributed by defendants, which fireplaces
7  are defective.  Specifically, as designed, the decorative front glass of the fireplaces reach
8  dangerous and hazardous exposed surface temperatures of between 350 and 500 degrees
9  Fahrenheit under normal operation.

10     5.      Plaintiffs and their counsel are aware that defendants have appeared and are
11 represented in two related California state court actions, *Wooldridge v. Superior Fireplace, et
12 al.*, Sacramento County Superior Court Case No. 07AS00920 and *Anissa Nelson-Fields and
13 Jerry Fields, individually and for others similarly situated v. Superior Fireplace, et al.*,
14 Sacramento County Superior Court Case No. 07AS00918, by the firm of Downey Brand
15 Attorneys, LLP, and by its attorneys William Warne, Michael Thomas and Meghan Baker.

16     6.      On May 2, 2008, I caused to be hand delivered to Downey Brand and Mr. Warne
17 a letter with attached copies of the following: Complaint, Civil Cover Sheet, ECF Registration
18 Information Handout, Notice of Assignment of Case to a United States Magistrate Judge for
19 Trial, Declination to Proceed Before a Magistrate Judge, Certification of Interested Entities or
20 Persons, Order Setting Initial Case Management Conference and ADR Deadlines, Notice of
21 Impending Reassignment to a US District Court Judge, Reassignment Order, Case
22 Management Conference Order, and Notice of CMC.  This letter advised of the date for the
23 initial case management conference and asked that Mr. Warne contact me as soon as he could
24 regarding this matter.  A copy of my letter (attachments omitted) is attached hereto as Exhibit
25 "1" to this declaration.

26     7.      Having not heard from Downy Brand in response to my May 2nd letter, I
27 contacted attorneys Meghan Baker and Michael Thomas on Wednesday May 7th.  I succeeded
28 in discussing this action with them via telephone early in the morning of May 8th, 2008.

Decl of Kirk Wolden re Inability to File Joint CMC        2

1  Attached as Exhibit "2" to this declaration is a true and correct copy of a letter memorializing
2  our conversation with attached Proposed Initial Joint Status Conference Statement which was
3  faxed to Mr. Thomas on May 8, 2008 at approximately 10:42 a.m.

4      8.     At the conclusion of our May 8th telephone conference, Mr. Thomas had told me
5  that he would respond further to our discussion and to plaintiffs' request for defendants'
6  participation at the initial case management conference by the end of the day May 8th or the
7  morning of May 9th.  At approximately 2:00 p.m. this afternoon, May 9, 2008, I received a
8  voice mail message from Mr. Thomas advising that they were not in a position to participate at
9  this time.

10     9.     Plaintiffs hand delivered F.R.C.P. Rule 4(d) service waivers for each defendant to
11 Downey Brand, LLP on Tuesday, May 6, 2008.  In addition, the summons and complaint is
12 presently out for service on all defendants with directions from me that service be
13 accomplished on each defendant no later than Wednesday, May 14, 2008.

14     I declare under penalty of perjury under the laws of the State of California that the
15 foregoing is true and correct, and that I could competently testify thereto in a court of law if
16 called upon and sworn to do so.

17     Executed on May 9, 2008, at Sacramento, California.

18
19
20                                                  _____
                                                   KIRK J. WOLDEN
21
22
23
24
25
26
27
28

Decl of Kirk Wolden re Inability to File Joint CMC          3

CLAYEO C. ARNOLD
CLIFFORD L. CARTER
ANTHONY M. ONTIVEROS
KIRK J. WOLDEN
AMAR SHERGILL
KIERSTA PERLEE
GORDON W. ALLRED
BRUCE E. LEONARD

LAWRENCE S. PAIKOFF, M.D.,J.D.
Of Counsel

# ARNOLD LAW FIRM

608 University Avenue
Sacramento, CA 95825
Telephone: (916) 924-3100
Facsimile: (916)924-1829
Toll Free: (800) 924-3181

Roseville Office

3001 Lava Ridge Ct.
Suite 130
Roseville, CA 95661
Telephone: (916) 787-4100

Website:
JUSTICE4YOU.COM

May 2, 2008

*VIA HAND DELIVERY* & FACSIMILE

Bill Warne, Esq.
DOWNEY BRAND LLP
555 Capitol Mall, Tenth Floor
Sacramento, CA 95814
Fax:  (916) 444-2100

Re:    ***Keilholtz v. Superior Fireplace, et al.***

Dear Mr. Warne:

Please find enclosed the following documents relating to the above referenced matter currently pending before Judge Susan Ilston in the Northern District Court of California.

Complaint, Civil Cover Sheet, ECF Registration Information Handout, Notice of Assignment of Case to a United States Magistrate Judge for Trial, Declination to Proceed Before a Magistrate Judge, Certification of Interested Entities or Persons, Order Setting Initial Case Management Conference and ADR Deadlines, Notice of Impending Reassignment to a US District Court Judge, Reassignment Order, Case Management Conference Order, and Notice of CMC.

Almost immediately upon her assignment on April 28, 2008, Judge Ilston issued an April 30, 2008, order setting the initial case management conference in this matter for May 16, 2008 at 2:00 p.m.

Please give me a call to discuss at your earliest opportunity.

Very truly yours,

KIRK J. WOLDEN

KJW/clm
Enclosures

PLAINTIFF'S
EXHIBIT
1

# ARNOLD LAW FIRM

CLAYEO C. ARNOLD
CLIFFORD L. CARTER
ANTHONY M. ONTIVEROS
KIRK J. WOLDEN
AMAR SHERGILL
KIERSTA PERLEE
GORDON W. ALLRED
BRUCE E. LEONARD

LAWRENCE S.  PAIKOFF, M.D.,J.D.
Of Counsel

608 University Avenue
Sacramento, CA 95825
Telephone: (916) 924-3100
Facsimile: (916)924-1829
Toll Free: (800) 924-3181

Practice Limited to:
Personal Injury and
Wrongful Death
Website:
JUSTICE4YOU.COM

Our Facsimile number is (916) 924-1829

## FAX TRANSMITTAL SHEET

TO:    Bill Warne, Esq.                          FAX NO.:    (916) 444-2100

FROM: Kirk J.  Wolden, Esq.                     DATE:       May 2, 2008

                                                 TIME:

RE:    Keilholtz v.  Superior Fireplace, et al.


       Letter of May 2, 2008 (enclosures will be delivered by the end of today).



Number of pages to total, INCLUDING THIS PAGE: 2


       ORIGINAL_X_  TO FOLLOW BY MAIL___  WILL NOT FOLLOW BY MAIL



If the total number of pages is not received, or if there are any problems with the transmission please call (916) 924-3100, and ask for **Connie**.

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Addressee (s) named above. If you are not the intended recipient, you are hereby notified that no waiver of any privilege is intended and any dissemination for copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal service.

## ** Transmit Confirmation Report **

P.1
CLAYEO C. ARNOLD, PLC  Fax:916-924-1829                    May  2 2008 03:38pm

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 4442100 | Normal | 02,03:37pm | 0'46" | 2 | * O K | |

## ARNOLD LAW FIRM

CLAYEO C. ARNOLD
CLIFFORD L. CARTER
ANTHONY M. ONTIVEROS
KIRK J. WOLDEN
AMAR SHERGILL
KIERSTA PERLEE
GORDON W. ALLRED
BRUCE E. LEONARD

LAWRENCE S. PAIKOFF, M.D.,J.D.
Of Counsel

608 University Avenue
Sacramento, CA 95825
Telephone: (916) 924-3100
Facsimile: (916)924-1829
Toll Free: (800) 924-3181

Practice Limited to:
Personal Injury and
Wrongful Death
Website:
JUSTICE4YOU.COM

Our Facsimile number is (916) 924-1829

## FAX TRANSMITTAL SHEET

TO:    Bill Warne, Esq.                    FAX NO.:    (916) 444-2100

FROM: Kirk J.  Wolden, Esq.               DATE:       May 2, 2008

                                          TIME:

RE:    Keilholtz v.  Superior Fireplace, et al.

Letter of May 2, 2008 (enclosures will be delivered by the end of today).

Number of pages to total, INCLUDING THIS PAGE: 2

ORIGINAL  X   TO FOLLOW BY MAIL___ WILL NOT FOLLOW BY MAIL

If the total number of pages is not received, or if there are any problems with the transmission
please call (916) 924-3100, and ask for **Connie**.

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Addressee (s)
named above. If you are not the intended recipient, you are hereby notified that no waiver of any privilege is intended
and any dissemination for copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please
immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal service.

# ARNOLD LAW FIRM

CLAYEO C. ARNOLD
CLIFFORD L. CARTER
ANTHONY M. ONTIVEROS
KIRK J. WOLDEN
AMAR SHERGILL
KIERSTA PERLEE
GORDON W. ALLRED
BRUCE E. LEONARD

**608 University Avenue**
**Sacramento, CA 95825**
**Telephone: (916) 924-3100**
**Facsimile: (916)924-1829**
**Toll Free: (800) 924-3181**

Roseville Office

3001 Lava Ridge Ct.
Suite 130
Roseville, CA 95661
Telephone: (916) 787-4100

LAWRENCE S. PAIKOFF, M.D.,J.D.
Of Counsel

Website:
JUSTICE4YOU.COM

May 8, 2008

*VIA FACSIMILE*

Michael Thomas, Esq.
DOWNEY BRAND LLP
555 Capitol Mall, Tenth Floor
Sacramento, CA 95814
Fax:  (916) 444-2100

Re:    ***Keilholtz v. Superior Fireplace, et al.***

Dear Mr. Thomas:

It was a pleasure to speak to you and Ms. Baker regarding this matter this morning.

As you know, we hand delivered to the attention of Mr. Warne last Friday, copies of the following in this action:  Complaint, Civil Cover Sheet, ECF Registration Information Handout, Notice of Assignment of Case to a United States Magistrate Judge for Trial, Declination to Proceed Before a Magistrate Judge, Certification of Interested Entities or Persons, Order Setting Initial Case Management Conference and ADR Deadlines, Notice of Impending Reassignment to a US District Court Judge, Reassignment Order, Case Management Conference Order, and Notice of CMC.  We did so, obviously, given our knowledge of your long-standing representation of defendants in the related state court *Fields* and *Wooldridge* matters.

Given the difficulties encountered with the issuance of the summons, we know that defendants' appearance will not be required for another approximately thirty (30) days.  However, given your extensive knowledge on the subject matter of this suit and your existing representation of defendants in related matters, we remain are hopeful that it may be possible to expedite your involvement and, therefore, the early conduct of this matter.

We recognize that you have issues regarding the appropriateness of Lennox International and Superior Fireplace as defendants in this litigation and, therefore, your ability to appear on behalf of these entities.  However, even if you were to appear on behalf of Lennox Hearth Products, Inc. only at this time, the parties could commence a



PLAINTIFF'S
EXHIBIT
2

Michael Thomas, Esq.
Re:    *Kielholtz v, Superior Fireplace, et al.*
May 8, 2008
Page 2

discourse leading to the prompt filing of a Joint Case Management Order as called for by the Court.

You mentioned the possibility of a short continuance of the CMC to potentially facilitate your early involvement. Assuming that you can represent (on behalf of at least Lennox Hearth Products) your ability to work together to finalize and file a joint case management conference statement within the next seven (7) days, we are prepared to approach the court regarding the possibility of a brief two to three week extension of the initial CMC.

Please find enclosed a draft statement we have prepared which sets out plaintiffs' position on the various subject matters called for by the standing order re: Joint Case Management Statement. We are confident that defendants' position can be incorporated promptly, and are ready and available to meet and confer in order to accomplish this.

We look forward to hearing from you this afternoon or tomorrow morning.

Very truly yours,

KIRK J. WOLDEN

KJW/clm

1  **CLAYEO C. ARNOLD**
   **A Professional Corporation**
2  Clayeo C. Arnold, SBN 65070
   Kirk J. Wolden, SBN 138902
3  **608 University Avenue**
   Sacramento, CA 95825
4  Telephone: (916) 924-3100
   Fax:   (916) 924-1829
5

6  **Attorney for the Class**

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10                **(OAKLAND DIVISION)**

11

12  **KIRK KEILHOLTZ and KOLLEEN**          )   **No. CV 08-00836 SI**
    **KEILHOLTZ for themselves and on**     )
13  **behalf of those similarly situated,**  )   **[PROPOSED] INITIAL JOINT CASE**
                                             )   **MANAGEMENT STATEMENT**
14        **Plaintiffs,**                    )
                                             )
15  **vs.**                                  )
                                             )
16  **SUPERIOR FIREPLACE COMPANY;**          )
    **LENNOX HEARTH PRODUCTS, INC.;**        )
17  **LENNOX INTERNATIONAL, INC. and**       )
    **DOES 1 through 25, Inclusive,**        )
18                                           )
          **Defendants.**                    )
19  _____ )



20      Plaintiffs and Defendant Lennox Hearth Products, Inc., by and through their respective

21  counsel, submit the following Initial Joint Case Management Statement in anticipation of the initial

22  Case Management Conference:

23      1.    Jurisdiction and Service

24      A.    Plaintiffs' Position

25      Subject matter jurisdiction exists in that this action falls within the parameters of CAFA.

26  Specifically, minimum diversity exists as between plaintiffs Kirk and Kolleen Keilholtz on the one

27  hand and at least defendant Lennox International, Inc.  Further, the aggregate amount in

28  controversy exceeds five million dollars (see *infra*, at Section 11).

1    Venue is proper in the Norther District of California in that a substantial portion of events
2  and omissions on which the claim is based occurred in this Northern District.  Specifically, named
3  plaintiffs' home which they purchased new and unto which their allegedly defective fireplace was
4  delivered and installed is located at 31 Branding Iron Court, Oakleigh, in the County of Contra
5  Costa, State of California.  28 USCA 1391(a)(2)

6    Plaintiffs are not aware of any issues pertaining to personal jurisdiction given all defendants
7  including Lennox International have previously and within the last year appeared generally
8  including answers to complaints in related state court actions.  See *Infra*, at Section 10.

9    Plaintiffs efforts regarding formal service have been delayed due to the absence of issued
10  summons in this action.  New summons were forwarded to the court by overnight delivery on
11  Thursday May 1, 2008, and have now been received with a return overnight delivery envelope.
12  It is anticipated that service will be formally effected by Tuesday, May 14, 2008 on all defendants.

13    In addition, on May 2, 2008, named plaintiffs delivered by hand a copy of the complaint
14  in this action along with the court's April 30, 2008 Notice and attached Case management Order,
15  Standing Order For all Judges Of the Norther District Of California contents of Joint Case
16  Management Statement, and Judge Ilston's Standing Order, and the Order Assigning Judge Illston
17  to counsel of record for herein defendants in the two related actions identified in Section 10, *infra*.

18    B.    Defendants' Position
19  2.    Facts:
20    A.    Plaintiffs' Position

DRAFT

21    On December 21, 2006, eleven month old Marin Montgomery suffered third degree burns
22  to both palms and second degree burns to her nose and forehead when she tripped and came into
23  contact with a Superior direct vent gas fireplace designed, developed, tested, manufactured,
24  assembled, tested, packaged and distributed by defendants.  Lennox Hearth Products, Inc., is a
25  subsidiary of Lennox International, Inc. and potentially other Lennox entities.

26    Testing of the Superior brand fireplace which caused Marin's burns demonstrated that the
27  glass front infant Marin came into contact with reached a temperature well over 400 degrees
28  Fahrenheit during normal operation.  Testing of other Superior brand fireplaces has demonstrated

1   a basis to aver that all direct vent Superior fireplaces which have the following common
2   characteristics, a single pane sealed glass front which does not open (hereinafter collectively
3   "FIREPLACES"), reach similar maximum glass front temperatures during normal operation.  No
4   guarding or protection from contact with the heated glass is provided, and no visible warning is
5   affixed to the FIREPLACES.  Believing the FIREPLACES to constitute an unreasonably dangerous
6   hazard containing a defect intrinsic to each such device, the Arnold Law Firm filed a personal
7   injury action on behalf of the infant and her mother who witnessed the injury, and a class action
8   on behalf of a class of California owners of Superior brand direct vent fireplace owners dating back
9   10 years from the date of the filing.

10          After further investigation and research which included the knowledge that Lennox Hearth
11   Products, Inc., (averred by defendants to be the designer and manufacturer of the FIREPLACES),
12   was a California Corporation with facilities including FIREPLACE testing facilities in California led
13   to the filing of this further class complaint, seeking redress nationally for owners of FIREPLACES.

14          B.      Defendants' Position
15   3.     Legal Issues:                          DRAFT
16          A.  Plaintiffs' Position

17          Plaintiff contends that defendants failed to disclose that their FIREPLACES were defective
18   to the extent that the glass front of each as designed and sold reach temperatures well in excess
19   of that necessary to cause second and third degree burns from even incidental, momentary
20   contact.  This information, relating to a critical matter of safety within defendants' exclusive
21   knowledge, is material to the average consumer.  Plaintiffs aver that the class would not have
22   purchased FIREPLACES nor allowed FIREPLACES to be installed or operated in their homes had
23   this information been timely disclosed to them.

24          Plaintiffs contend that defendants' omissions of a critical safety defect intrinsic to all
25   FIREPLACES amounts to a violation of California's Consumer Legal Remedies Act, specifically
26   section 1770(a)(5) thereof.  As a result of this violation, and based upon the same pattern of
27   omission and non-disclosure, defendants engaged in unlawful, unfair and fraudulent conduct
28   within the meaning of California's Unfair Competition law, specifically Ca. Bus. & Prof. Code section

1  17203. *Falk v. General Motors Corp.*, 496 F.Supp.2d 1088 (N.D. Cal. 2007); *Chamberlan v. Ford*
2  *Motor Co.*, 369 F.Supp.2d 1168 (N.D.Cal. 2005).
3
4      Plaintiffs further contend that the conduct of defendants gives rise to a viable claim for
5  unjust enrichment as to each member of the national class. *In re Abbott Laboratories Norvir Anti-*
6  *Trust Litigation*, 2007 WL 1689899 (N.D. Cal.); *Kelley v. Microsoft Corporation*, 2008 WL 509332
7  (W.D. Wash.).
8      B.    Defendants' Position ...
9
10
11  4.    Motions
12      Plaintiffs will file a motion for class certification. See Section 9, *infra*. Plaintiffs may move
13  to amend to add new class representatives or new defendants. See Section 5, *infra*.
14      Defendants ...
15

16
17  5.    Amendment of Pleadings
18      Plaintiffs
19      Plaintiffs are currently investigating the possible addition of other Lennox entities including
20  a "Lennox Industries" by July 2008. Plaintiffs may seek to add additional class representatives.
21  No other amendments are presently contemplated.
22      Defendants ...
23
24
25  6.    Evidence Preservation
26      Plaintiffs and their counsel are taking active steps to preserve evidence relevant to the
27  issues reasonably evident in this action. Plaintiffs and their counsel have no document destruction
28  or erasure policy applicable to this action, its files, evidence or papers. Unknown as to

1 | defendants.

2 | Defendants ...

3

4

5 | 7.    Disclosures

6 | Due to the summons and service issues detailed in Section 1, , there has been no initial

7 | disclosure by either party.   Significant written discovery and some depositions have been

8 | completed in the related actions identified in Section 10, *infra,* which should be considered part

9 | of discovery in this action given the identity of issues in order to expedite forward progress of this

10 | action.

11 | 8.    Discovery

12 | A.    Plaintiffs' Position                    DRAFT

13 | Significant written discovery has been conducted in the *Wooldridge* California personal

14 | injury litigation.   Defendants' production includes documents pertaining to the development,

15 | design, manufacturing, costing, marketing, and customer inquiry and complaint history for a small

16 | portion (eight) of the FIREPLACES comprising the hazardous product in this action.    Two

17 | depositions have been conducted, one of the independent testing facility which provides ANSI

18 | certification to some of defendants' FIREPLACES and a person most knowledgeable on an

19 | FIREPLACE option called an optional screen panel.

20 | The same written discovery requests which have led to the above-described disclosure in

21 | the *Wooldridge* case are presently pending in the California *Fields* consumer action.  The parties

22 | engaged in extensive meet in confer prior to the *Wooldridge* disclosure which should facilitate a

23 | tiemly, hopefully complete, disclosure in *Fields* in the next two weeks.

24 | Plaintiffs are planning e-discovery requests directed at electronic files which may contain

25 | memos, emails, minutes and other information relevant, *inter alia*, to their knowledge of and

26 | efforts to deal with the superheated glass fronts of their FIREPLACES.

27 | Based upon discovery to date in the California actions, plaintiffs have identified the

28 | following necessary depositions of present or former Lennox employees:

1.   Bill Rich;

2.   Ken Hargrove;

3.   Duke Mitchell;

4.   Tom Krebs;

5.   Gary Anderson;

6.   Mark Campbell;

7.   Don Kaufman;

8.   Technical Writer Paranello;

9.   Lisa Burkhart;

10.  Don Craft;

DRAFT

11.  Wendy Howells;

12.  Robert E. Schjerven;

13.  PMK re glass surface temperature testing;

14.  PMK re investigation, research and knowledge regarding hazards and dangers of FIREPLACE glass surface testing;

15.  PMK re defendants' participation and involvement relating to ANSI fireplace standard; and

16.  PMK re defendants' corporate structure.

Discovery in the related California state court actions should, by agreement or court order, be considered discovery in this action.

9.   Class Actions

A.   Plaintiffs' Position

1.   Operative Class Definition

**All consumers who are residents and/or domiciliaries of the United States and who own homes or other residential dwellings in which one or more HAZARDOUS FIREPLACES have been installed within ten (10) years prior to the date of the filing of this complaint.**

2.    Class Prerequisites

Plaintiffs present a readily ascertainable class of homeowners with FIREPLACES installed in their homes and dwellings.  The number of persons meeting the class definition is believed to exceed 150,000 in number.  Typicality is present to the extent, *inter alia*, that each homeowner's claim shares a common nucleus of operative fact regarding defendants' failure to timely disclose the extreme safety hazard posed by the FIREPLACES being installed in their homes.  Each class member's claim is based upon an identical legal theory of recovery under the UCL and CLRA, and the nationally analogous equitable theory of unjust enrichment.

The fact issues common to the CLASS include:

• Class member ownership of homes or dwellings in which one or more FIREPLACES are installed;

• FIREPLACES which as designed and sold by defendants reach glass front temperatures in excess of 350 degrees and up to nearly 500 degrees Fahrenheit during intended operation;

• FIREPLACES which are sold without any guarding to prevent injurious contact with the  hot glass front during intended operation;

• Defendants' knowledge that the glass fronts of their direct vent fireplaces which meet the definition of  FIREPLACES as designed are hot and can still comply with ANSI testing while reaching temperatures of around 500 degrees Fahrenheit during intended operation;

• Whether the FIREPLACE design as it relates to glass temperature during intended operation renders the FIREPLACES defective;

• Whether defendants were aware of the alleged defect;

• Whether defendants had a duty to disclose its knowledge of the alleged defect;

• Whether defendants failed to disclose its knowledge of the alleged defect;

• Whether the alleged failure to disclose violated the CLRA;

• Whether the alleged failure to disclose was unfair, unlawful, and/or fraudulent under the UCL;.

1        •    Whether owners lost money and/or were damaged as a result of defendants' alleged
2             breach of the UCL and/or CLRA; and
3        •    Whether defendants have been unjustly enriched by their sale of FIREPLACES to
4             CLASS members.

5        Given the enormous size of the class, the relative small amount of recovery pursued by
6    individual class members, and the compelling commonality of facts applicable to each class
7    member's claims, *inter alia,* the class action mechanism is superior and, in fact, perfectly designed
8    for this type of consumer case.

9        3.    National Class Issues        DRAFT

10        Plaintiffs contend that certification of a national class by this Court is warranted and
11    manageable in the circumstances. Lennox Hearth Products, Inc., which defendants contend is
12    the primary and (in their opinion) sole proper defendant, is a California corporation with its
13    principal place of operation in the State of California. Discovery to date appears to confirm that
14    the vast majority of FIREPLACES have been developed, designed, tested and even manufactured,
15    assembled, packaged and distributed from this State. *See Wershba v. Apple Computer, Inc.,* 91
16    Cal.App.4th 224, 241 (2001).

17        Because California has a significant aggregation of contacts to the claims of each class
18    member, the law of California should thus apply *prima facie*, and defendants will not be able to
19    demonstrate (which is their burden); (1) some actual conflict arising from the application of
20    California law; or (2) some other state's interest in having its own law applied. *Washington Mutual*
21    *Bank v. Superior Court*, 24 Cal.4th 906, 919-920 (2001).

22        Even assuming *arguendo* some reason exists for declining the application of California law
23    to the claims of all class members, plaintiffs believe that a manageable plan for the adjudication
24    of multiple states' claims, involving appropriate sub-classes delineated by substantive differences
25    in the law applicable to a small number of sub-groups, can be accomplished.

26        Finally, even if the statutory claims under the UCL and CLRA were found to be not
27    amenable to class treatment for the proposed national class, plaintiffs believe that a national
28    unjust enrichment class should be certified. See generally, *In Re Abbott Laboratories Norvir Anti-*

1  *Trust Litigation*, 2007 WL 1689899 (N.D. Cal. June 11, 2007) [There is "'a universal thread

2  throughout all common law causes of action for unjust enrichment.' The 'idiosyncratic differences'

3  between state unjust enrichment laws 'are not sufficiently substantive to predominate of the

4  shared claims.'" (citations omitted)].

5         4.    Timing of Motion

6         Plaintiffs believe that the motion for class certification should be ready for filing by October

7  1, 2008 absent some unforseen difficulty in discovery.  Plaintiffs will meet and confer regarding

8  an expert declaration disclosure and briefing schedule which will allow for the class certification

9  hearing to be completed before December 31, 2008.

10        B.    Defendants' Position

11

12                              DRAFT

13

14

15  10.   Related Cases:

16        *Wooldridge, et al v. Superior Fireplace Fireplace Company*, Sacramento County Superior

17        Court Case No. 07AS00920

18

19        *Anissa Nelson Fields and Jerry Fields for themselves and for those similarly situated, v.*

20        *Superior Fireplace Company, et al.*, Sacramento County Superior Court Case No.

21        07AS00918

22

23  11.   Relief:

24        A.    Plaintiffs' Position

25        The class is believed to comprise in excess of 150,000 class members and over 300,000

26  individual FIREPLACES.  The class seeks the following relief:

27        1.    CLRA

28        Compensatory damages of approximately $1,000.00 per FIREPLACE and punitive damages,

1  attorneys fees and costs.

2       2.    UCL

3      Restitution of approximately $300.00 - $500.00 pre FIREPLACE plus additional available

4  restitution, attorneys fees and costs.

5

6       3.    Unjust Enrichment

7      Restitution and disgorgement into fluid recovery fund.

8

9  12.    Settlement and ADR:

10      No efforts have occurred to date. *[Discuss specific plan with defendants.]*

11  13.    Consent to Magistrate Judge for All Purposes:

12      Declination of consent has led to the assignment of Judge Illston.

13  14.    Other References:

14

15  DRAFT

16

17  15.    Narrowing of Issues:

18

19

20

21  16.    Expedited scheduling:

22

23

24

25  17.    Scheduling:

26

27  18.    Trial:

28       A.    Plaintiffs' Position

Plaintiff request and believe they are entitled to a jury trial on their CLRA claim.  The equitable claims under the UCL and for unjust enrichment are subject to court trial.  Plaintiffs' estimate 30-35 days as the expected length of trial.

B.      Defendants' Position

19.    Disclosure of Non-party Interested Entities or Persons:

A.      Plaintiffs

B.      Defendants

20.    Additional Matters:

A.      Plaintiffs

DRAFT

B.      Defendants

Dated: May 9, 2008

CLAYEO C. ARNOLD
A Professional Law Corporation

By: _____
KIRK J. WOLDEN
Attorneys for the **CLASS**

ADD DEFENSE COUNSEL

CLAYEO C. ARNOLD
CLIFFORD L. CARTER
ANTHONY M. ONTIVEROS
KIRK J. WOLDEN
AMAR SHERGILL
KIERSTA PERLEE
GORDON W. ALLRED
BRUCE E. LEONARD

LAWRENCE S. PAIKOFF, M.D.,J.D.
Of Counsel

## ARNOLD LAW FIRM

608 University Avenue
Sacramento, CA 95825
Telephone: (916) 924-3100
Facsimile: (916)924-1829
Toll Free: (800) 924-3181

Roseville Office

3001 Lava Ridge Ct.
Suite 130
Roseville, CA 95661
Telephone: (916) 787-4100

Website:
JUSTICE4YOU.COM

May 8, 2008

*VIA FACSIMILE*

Michael Thomas, Esq.
DOWNEY BRAND LLP
555 Capitol Mall, Tenth Floor
Sacramento, CA 95814
Fax: (916) 444-2100

Re:   *Keilholtz v. Superior Fireplace, et al.*

Dear Mr. Thomas:

It was a pleasure to speak to you and Ms. Baker regarding this matter this morning.

As you know, we hand delivered to the attention of Mr. Warne last Friday, copies of the following in this action: Complaint, Civil Cover Sheet, ECF Registration Information Handout, Notice of Assignment of Case to a United States Magistrate Judge for Trial, Declination to Proceed Before a Magistrate Judge, Certification of Interested Entities or Persons, Order Setting Initial Case Management Conference and ADR Deadlines, Notice of Impending Reassignment to a US District Court Judge, Reassignment Order, Case Management Conference Order, and Notice of CMC. We did so, obviously, given our knowledge of your long-standing representation of defendants in the related state court *Fields* and *Wooldridge* matters.

Given the difficulties encountered with the issuance of the summons, we know that defendants' appearance will not be required for another approximately thirty (30) days. However, given your extensive knowledge on the subject matter of this suit and your existing representation of defendants in related matters, we remain are hopeful that it may be possible to expedite your involvement and, therefore, the early conduct of this matter.

We recognize that you have issues regarding the appropriateness of Lennox International and Superior Fireplace as defendants in this litigation and, therefore, your ability to appear on behalf of these entities. However, even if you were to appear on behalf of Lennox Hearth Products, Inc. only at this time, the parties could commence a

| | | * 0 K | 13 | ".50.4 | 08, 10:42am | Normal | 4442100 |
|---|---|---|---|---|---|---|---|
| Note | | Result | Page | Time | Start | Mode | Name/Fax No. |

CLAYEO C. ARNOLD, PLC   Fax:916-924-1829

May 8 2008 10:47am

P. 1

** Transmit Confirmation Report **

**Re:** **Keilholtz v. Superior Fireplace Co., et al.**
     **Northern District Court of California**
     **Case No.: CV 08-00836 SI**

### PROOF OF SERVICE

I, Connie McComb, declare and state:

I am a citizen of the United States, over 18 years of age, employed in the County of Sacramento, and not a party to the within action. My business address is 608 University Avenue, Sacramento, CA 95825.

On May 9, 2008, I served the within **DECLARATION OF KIRK J. WOLDEN RE INABILITY TO FILE JOINT CASE MANAGEMENT STATEMENT** on the following parties in said action by placing a true copy thereof enclosed in a sealed envelope by:

[**X**]   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California. I am familiar with my firm's practice whereby the mail is given the appropriate postage and is placed in the designated area to be deposited in a U.S. mail box in Sacramento, California, in the ordinary course of business;

[]   (BY EXPRESS MAIL) I caused such envelope to be placed in the U.S. Mail/UPS depository at Sacramento, California; overnight service;

[]   (BY PERSONAL SERVICE) delivered by hand to addressee at the address listed below;

[]   (BY FACSIMILE/TELECOPIER) I personally sent to the addressee's telecopier number (stated above) a true copy of the above-described documents.

Michael J. Thomas, Esq.
DOWNEY BRAND LLP
555 Capitol Mall, Tenth Floor
Sacramento, CA 95814

Attorneys for Defendants,
SUPERIOR FIREPLACE COMPANY;
LENNOX HEARTH PRODUCTS INC.; and
LENNOX INTERNATIONAL INC.

Tel:   (916) 444-1000
Fax:   (916) 444-2100

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 9, 2008, at Sacramento, California.

_Connie McComb_
Connie McComb