1   DOWNEY BRAND LLP
    WILLIAM R. WARNE (Bar No. 141280)
2   MICHAEL J. THOMAS (Bar No. 172326)
    MEGHAN M. BAKER (Bar No. 243765)
3   555 Capitol Mall, Tenth Floor
    Sacramento, CA  95814-4686
4   Telephone: (916) 444-1000
    Facsimile: (916) 444-2100
5   bwarne@downeybrand.com
    mthomas@downeybrand.com
6   mbaker@downeybrand.com

7   Attorneys for Defendants
    SUPERIOR FIREPLACE COMPANY; LENNOX
8   HEARTH PRODUCTS INC.; LENNOX
    INTERNATIONAL INC.

9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13   KIRK KEILHOLTZ and KOLLEEN          Case No. C 08-00836SI
     KEILHOLTZ for themselves and on behalf
14   of those similarly situated,          **MOTION TO DISMISS UNDER FEDERAL
                                           RULES OF CIVIL PROCEDURE 9(b) AND
15              Plaintiffs,                 12(B)(6); POINTS AND AUTHORITIES IN
                                           SUPPORT THEREOF**
16        v.

17   SUPERIOR FIREPLACE COMPANY;          Date:      August 11, 2008
     LENNOX HEARTH PRODUCTS INC.;          Time:      9:00 a.m.
18   LENNOX INTERNATIONAL INC. and         Location:  Courtroom 10
     DOES 1 through 25, Inclusive,
19                                         Complaint Filed February 6, 2008
                Defendants.
20

21

22

23

24

25

26

27

28

934460.4

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..................................................................................................2

II.    ISSUES TO BE DECIDED .................................................................................4

III.   ALLEGATIONS IN THE COMPLAINT ...........................................................5

IV.    RULE 9(B) LEGAL ANALYSIS ........................................................................6

    A.    Legal Standard ............................................................................................6

    B.    Plaintiffs Have Failed to Plead Their Claims with Particularity ..............7

V.     RULE 12(B) LEGAL ANALYSIS ......................................................................8

    A.    Legal Standard for 12(b)(6) Motion ..........................................................8

    B.    Plaintiffs Cannot Maintain a Claim for Unjust Enrichment......................9

    C.    Plaintiffs Have Failed to Allege Sufficient Facts Demonstrating
        Compliance with the CLRA Notice Requirements...............................10

    D.    Plaintiffs Have Failed to Allege Sufficient Facts to Support a CLRA Claim
        Because Plaintiffs Have Not Alleged Facts Demonstrating that Defendants
        Engaged in a "Transaction"......................................................................12

    E.    The Claims Asserted by Class Members Who Own Homes In Which
        Fireplaces Were Installed Over Three to Four Years Ago Are Barred by the
        Statute of Limitations................................................................................14

        1.    The Delayed Discovery Rule Does Not Apply to the UCL Claim ...........15

        2.    Plaintiffs Have Not and Cannot Allege Sufficient Facts for the
            Delayed Discovery Rule to Apply to the CLRA or Unjust
            Enrichment Claims ...........................................................................16

        3.    Plaintiffs Have Not and Cannot Allege Sufficient Facts for the
            Fraudulent Concealment Doctrine to Toll the Statute of Limitations .......17

VI.    CONCLUSION ..................................................................................................19

# TABLE OF AUTHORITIES

Page

## CASES

*Associated Gen. Contractors v. Cal. State Council*
  459 U.S. 519, 526 (1983) ...............................................................................................8

*Baker v. Beech Aircraft Corp.*
  39 Cal. App. 3d 315, 321 (1974)..................................................................................18

*Bescos v. Bank of America*
  105 Cal. App. 4th 378, 387 (2003)................................................................................12

*Camsi IV v. Hunter Technology Corp.*
  230 Cal.App.3d 1525, 1535 (1991)...............................................................................15

*Cattie v. Wal-Mart Stores Inc.*
  504 F. Supp. 2d 939, 950 (S.D. Cal. 2007).......................................................10, 11, 12

*Cal. Grocers Ass'n v. Bank of Am.*
  22 Cal. App. 4th 205 (1994)..........................................................................................13

*E-Fab, Inc. v. Accountants, Inc. Services*
  153 Cal. App. 4th 1308, 1318 (2007)............................................................................16

*Ting v. AT&T*
  319 F.3d 1126, 1148 (9th Cir. 2003)........................................................................12, 13

*Colgan v. Leatherman Tool Group, Inc.*
  135 Cal. App. 4th 663, 679-680 (2006).........................................................................12

*Conerly v. Westinghouse Elec. Corp.*
  623 F.2d 117, 120 (9th Cir. 1980)............................................................................17, 18

*Conley v. Gibson*
  355 U.S. 41, 45-46 (1957) ..........................................................................11, 14, 17, 19

*Country Nat'l Bank v. Mayer*
  788 F. Supp. 1136, 1139 (E.D. Cal. 1992) .....................................................................8

*Deitz v. Comcast Corp.*
  2006 WL 3782902, at *6 (N.D. Cal. 2006) ...................................................................11

*Endres v. Wells Fargo Bank*, 2008 WL 344204, *6 (N.D. Cal. 2008) .......................................16

*Everest & Jennings, Inc. v. American Motorists Ins. Co.*
  23 F.3d 226, 228 (9th Cir. 1994)....................................................................................8

*Falk v. General Motors Corp.*
  496 F. Supp. 2d 1088, 1099-1100 (N.D. Cal. 2007) ......................................................9

*First Nationwide Savings v. Perry*
  11 Cal. App. 4th 1657, 1670 (1992)..............................................................................15

*Gen. Bedding Corp. v. Echevarria*
  947 F.2d 1395, 1397 (9th Cir. 1991) ........................................................................16, 17

*Jolly v. Eli Lilly & Co.*
  44 Cal.3d 1103, 1112 (1988) ........................................................................................17

*Karl Storz Endoscopy Am., Inc. v. Surgical Techs. Inc.*
  285 F.3d 848, 857 (9th Cir. 2002)................................................................................15

ii

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Kline v. Turner*
  87 Cal. App. 4th 1369, 1375 (2001) ................................................................16

4

*Laster v. T-Mobile United States, Inc.*
  407 F. Supp. 2d 1181, 1195-96 (S.D. Cal. 2005) ....................................10, 11

5

*Massachusetts Mut. Life Ins. Co. v. Superior Court*
  97 Cal. App. 4th 1282, 1295 (2002) ..............................................................16

6

*McBride v. Boughton*
  123 Cal. App. 4th 379, 387 (2004) ...................................................................9

7

*McCready v. American Honda Motor Corporation*
  2006 WL 1708303, *5 (N.D. Cal. 2006) .............................................7, 15, 16

8

*McKell v. Washington Mutual, Inc.*
  142 Cal. App. 4th 1457, 1490 (2006) ...............................................................9

9

*Melchior v. New Line Productions, Inc.*
  106 Cal. App. 4th 779, 794 (2003) ...................................................................9

10

*Moore v. Kayport Package Exp., Inc.*
  885 F.2d 531, 540 (9th Cir. 1989) .....................................................................6

11

*Navarro v. Block*
  250 F.3d 729, 732 (9th Cir. 2001) .....................................................................8

12

*Outboard Marine Corp. v. Superior Court*
  52 Cal. App. 3d 30, 40-41 (1975) .............................................................10, 14

13

*Rutledge v. Boston Woven Hose & Rubber Co.*
  576 F.2d 248, 250 (9th Cir. 1978) ...................................................................18

14

*Snapp & Assoc. Ins. Servs., Inc. v. Robertson*
  96 Cal. App. 4th 884, 891 (2002) ..............................................................15, 17

15

*Spreewell v. Golden State Warriors*
  266 F.3d 979, 987 (9th Cir. 2001) ...............................................................9, 11

16

*Stickrath v. Globalstar, Inc.*
  527 F. Supp. 2d 992, 997 (N.D. Cal. 2007) ..............................................6, 7, 8

17

*Utility Consumers' Action Network v. Sprint Solutions, Inc.*
  2008 WL 1946859, *6 (S.D. Cal. 2008) ...................................................11, 12

18

*Vess v. Ciba-Geigy Corp.*
  *USA*, 317 F.3d 1097, 1003-04 (9th Cir. 2003) .................................................7

19

*Von Grabe v. Sprint*
  312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003) ...........................................10, 11

20

*W. Min. Council v. Watt*
  643 F.2d 618, 624 (9th Cir. 1981) .....................................................................9

21

*Walker v. GEICO General Ins. Co.*
  2007 WL 499660, *4 (E.D. Cal. 2007) .............................................................9

22

23

24

25

26

27

28

iii

**TABLE OF AUTHORITIES**
**(continued)**

Page

**STATUTES**

California Business and Professions Code section 17200 ...................................................................... 1, 5

California Business and Professions Code section 17208 ........................................................................ 15

California Civil Code section 1761 .......................................................................................................... 13

California Civil Code section 1761(c) ...................................................................................................... 13

California Civil Code section 1761(d) ...................................................................................................... 13

California Civil Code section 1761(e) ...................................................................................................... 13

California Civil Code section 1770 ..................................................................................................... 12, 13

California Civil Code section 1770(a) ...................................................................................................... 13

California Civil Code section 1770(a)(4) .................................................................................................. 12

California Civil Code section 1780 [sic] ....................................................................................... 11, 12, 13

California Civil Code section 1780(a) ...................................................................................................... 12

California Civil Code Section 1782 .......................................................................................................... 10

California Civil Code Section 1782(a) ................................................................................................. 10, 11

California Civil Code section 1783 .......................................................................................................... 15

**RULES**

Federal Rule of Civil Procedure Rule 12(b)(6) ................................................................................ 1, 8, 10

Federal Rules of Civil Procedure Rule 9(b) ................................................................................... 1, 4, 6, 7

iv

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on August 11, 2008, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 10 of the United States District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, that Defendants Lennox Hearth Products Inc. and Lennox International Inc. ("Defendants") will move to dismiss the Complaint filed by Plaintiffs Kirk and Kolleen Keilholtz under Federal Rules of Civil Procedure 9(b) and 12(b)(6) on the following grounds:

1.      Defendants move to dismiss the claims for (1) violation of California Business and Professions Code section 17200 ("UCL"), (2) violation of the Consumer Legal Remedies Act ("CLRA"), and (3) unjust enrichment, on the grounds that Plaintiffs have failed to plead the fraudulent misrepresentations and false advertisements alleged in their Complaint with particularity, as required by Federal Rule of Civil Procedure Rule 9(b).

2.      Defendants move to dismiss the CLRA claim with prejudice on the grounds that Plaintiffs have not and cannot allege sufficient facts to demonstrate that they complied with the pre-lawsuit notice requirements of the CLRA.

3.      Defendants move to dismiss the CLRA claim with prejudice on the grounds that Plaintiffs have not and cannot allege facts demonstrating that Defendants engaged in a "transaction" with a "consumer" as required by the CLRA.

4.      Defendants move to dismiss with prejudice the UCL claim asserted by those class members who own a home in which a fireplace was installed more than four years ago on the grounds that such claim is barred by the statute of limitations.

5.      Defendants move to dismiss with prejudice the CLRA and unjust enrichment claims asserted by those class members who own a home in which a fireplace was installed more than three years ago on the grounds that such claims are barred by the statute of limitations.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, all of the pleadings and papers on file in this matter, including all other motions filed concurrently herewith, and upon such oral or documentary evidence that may be presented at the hearing.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiffs have brought a national class action alleging that Defendants failed to warn Plaintiffs, and the class they purportedly represent, that gas fireplaces become hot during operation and that contact with the glass-front of these fireplaces can result in a burn to the skin. Not surprisingly, plaintiffs do not allege in this case that the class representatives or putative class members have suffered physical injuries from the fireplaces due to the alleged failure to warn. The reason, or course, is because reasonable individuals appreciate the obvious potential to be injured by fire and fireplaces, and easily manage that risk, just as they mange the risk of drinking hot beverages, or using stoves, ovens, and bar-b-ques, and, of more recent popularity, open gas fire pits. As a result, although injuries from fireplaces certainly can and do occur, they are exceedingly rare in relation the millions of fireplaces that have been in use throughout North America for the past 400 years.

Recognizing that they cannot possibly assert traditional strict products liability claims given the lack of any allegation of resulting injuries, Plaintiffs have instead cobbled together claims based principally on inapplicable California statutes and common law, including: (1) violation of California Business and Professions Code section 17200 ("UCL"); (2) violation of the Consumer Legal Remedies Act ("CLRA"); and (3) unjust enrichment. Of course, these types of claims also require proof of damages, and so Plaintiffs have alleged, and will ultimately have to prove among other things, that they, as well as every person in the United States who owns a fireplace, had no inkling that touching the glass front of a burning fireplace could cause injury, and would not have purchased their homes had they known of the risk.

Plaintiffs attempt to bolster these thin allegations by claiming that Defendants also misrepresented the risks associated with the fireplaces and issued false advertising about the fireplaces. Plaintiffs have, however, failed to set forth the requisite specificity required for such fraud claims under Federal Rule of Civil Procedure 9(b), and have also failed to identify a single advertisement that Plaintiffs supposedly relied upon in deciding to purchase their homes. Instead, Plaintiffs ignore their clear obligation and instead simply allege in a broad and conclusory manner

1   that Defendants concealed, omitted and misrepresented the risks and dangers of fireplace use,

2   without any reference to the particular misconduct that Plaintiffs believe induced them to

3   purchase their residences.  For that reason alone, the Court must dismiss the Complaint, as the

4   allegations are not specific enough to give Defendants notice of the particular misconduct

5   underlying the claims.

6          There are other fundamental problems with the pleading as well.  For example, Plaintiffs

7   have asserted a claim for unjust enrichment when no such independent cause of action exists

8   under California law.  Additionally, Plaintiffs have asserted a CLRA claim for monetary

9   damages, yet Plaintiffs have not alleged facts demonstrating that they provided Defendants with

10  written notice at least thirty days before filing suit, as required by the CLRA.  Nor can Plaintiffs

11  in good faith allege such facts because Plaintiffs chose to ignore the CLRA notice requirements

12  and prematurely file suit, in direct contravention of the purpose and intent of the Act to facilitate

13  pre-complaint settlement.  For these reasons, both the unjust enrichment and the CLRA claims

14  should be dismissed without leave to amend.

15         The CLRA claim also suffers from another fatal defect.  Plaintiffs have not alleged that

16  Defendants engaged in a "transaction" with an "individual" who purchased the fireplaces for

17  "personal, family, or household purposes," as required by the clear and unambiguous language of

18  the Act.  Rather, Plaintiffs allege that Defendants sold the fireplaces to construction companies,

19  who in turn, sold the fireplaces to Plaintiffs and other class members.  Construction companies,

20  however, are not individuals who purchased the fireplaces for their own personal, family, or

21  household purposes.  Therefore, Plaintiffs have not alleged that Defendants engaged in a

22  transaction, nor can Plaintiffs make such allegations because Defendants do not sell their products

23  to individuals for any of the specified purposes.  For this additional reason, the Court should

24  dismiss the CLRA claim with prejudice.

25         Finally, and significantly, the vast majority of the class claims are barred by the statute of

26  limitations.  Actions under the UCL must be commenced within four years, while CLRA and

27  unjust enrichment actions must be commenced within three years.  Nevertheless, Plaintiffs have

28  asserted these claims on behalf of purported class members who purchased homes with fireplaces

installed over the past ten years.  Although Plaintiffs attempt to circumvent this flaw in their

pleading with vague allegations that Defendants "concealed" that the glass doors to the fireplaces

become hot during operation, these cursory allegations are not sufficient to resurrect the tardy

class claims as neither the delayed discovery rule nor the fraudulent concealment doctrine are

applicable here.  Therefore, the Court should dismiss with prejudice the stale UCL claims

asserted by those class members who had a fireplace installed more than four years ago, and

dismiss as well the untimely CLRA and unjust enrichment claims of those class members who

had fireplaces installed more than three years ago.  Dismissal of these patently stale claims will

not only narrow issues, but also allow the parties to better focus their discovery efforts and bring

into focus certain class certification issues, which Defendants anticipate will be substantial.

## II.  ISSUES TO BE DECIDED

1.  Whether Plaintiffs are required to plead their UCL, CLRA and unjust enrichment claims with particularity under Federal Rule of Civil Procedure 9(b), and if so, whether Plaintiffs have satisfied this heightened pleading standard.

2.  Whether Plaintiffs have stated a claim for unjust enrichment.

3.  Whether Plaintiffs have alleged sufficient facts to demonstrate compliance with the pre-lawsuit notice requirements of the CLRA.

4.  Whether under the CLRA, Plaintiffs must allege that Defendants engaged in a "transaction" with an "individual" who purchased the fireplaces for "personal, family, or household purposes," and if so, whether Plaintiffs have alleged sufficient facts showing that Defendants have engaged in such a transaction.

5.  Whether the UCL claims asserted by class members who own a home in which a fireplace was installed more than four years ago are barred by the statute of limitations.

6.  Whether the CLRA and unjust enrichment claims asserted by class members who own a home in which a fireplace was installed more than three years ago are barred by the statute of limitations.

////

////

934460.4

4

### III.  ALLEGATIONS IN THE COMPLAINT

Plaintiffs purport to represent a national class of "consumers" who own homes and other residential dwellings in which one or more Superior and Lennox brand single pane sealed glass front fireplaces (hereinafter "fireplaces") have been installed within ten (10) years prior to the date of the filing of the Complaint.  (Compl. ¶ 2-3, 7-8.)  Plaintiffs, on behalf of the putative class members, assert claims for (1) violation of the California Business and Professions Code section 17200, otherwise known as the unfair completion law ("UCL"), (2) for violation of the Consumer Legal Remedies Act ("CLRA"), and (3) for unjust enrichment.  (*Id*. ¶¶ 20-42.)

As the basis for these three claims, Plaintiffs allege that Defendants "concealed, suppressed, omitted and misrepresented" certain "risks, dangers, defects, and disadvantages" associated with the fireplaces.  (*Id*. ¶ 1.)  With respect to the alleged omissions, Plaintiffs assert Defendants "failed to disclose" that the glass-front of the fireplaces become hot during operation and that contact with the glass-front can result in a burn to the skin.  (*Id*. ¶ 15.)  With respect to the alleged misrepresentations, Plaintiffs appear to assert that Defendants "represented to consumers that [the] fireplaces were safe, of merchantable quality, and fit for their intended and reasonably foreseeable uses, and with sufficient protections and warnings regarding potential dangers and hazards…."[1]  (*Id*. ¶ 14.)  Finally, Plaintiffs allege that Defendants issued deceptive, untrue and/or misleading advertising about the fireplaces, however, they do not point to any specific advertising that they believe fits this description.  (*See id*. ¶ 21-22.)

Plaintiffs allege that Defendants designed, manufactured and marketed the fireplaces for distribution and sale "with the specific intent and purpose that said fireplaces be installed by builders in residential homes and other dwellings throughout the state of California."  (*Id*. ¶ 14.)  After the builders purchased and installed the glass-front fireplaces, Plaintiffs then allegedly "purchased and/or otherwise came to own" residences and other dwellings outfitted with these fireplaces.  (*Id*. ¶ 16.)  Plaintiffs assert they would not have purchased residences in which the

---

[1]  Plaintiffs seem to allege that Defendants made these representations by simply placing the products into the market, rather than by making affirmative representations about the safety and merchantability of the products. Plaintiffs should be required to clarify these questionable allegations in their pleading. *See infra* Part IV.B.

1    fireplaces had been installed had Plaintiffs been aware of the misrepresentations, omissions, and

2    false advertising by Defendants.  (*Id.* ¶¶ 25, 31.)

3          Plaintiffs contend they and the putative class members "have and will continue to suffer

4    injury" as a result of the alleged misrepresentations, omissions and false advertising because

5    "each has expended money to purchase residences incorporating [the fireplaces] and have or will

6    be caused to expend money to remove said fireplaces from the homes and other residences they

7    purchased and own."  (*Id.* ¶ 32; *see also id.* ¶ 17 (stating that "the class lost money" because they

8    "paid a readily ascertainable amount for the [fireplaces]" as a part of the price of their homes and

9    they "have or will suffer further damage to the extent that said owners have or will incur the cost

10   of replacing or retrofitting the [fireplaces]").  To remedy this alleged injury, Plaintiffs seek

11   restitution, damages, attorney fees, punitive damages, penalties, interest, injunctive relief, and the

12   imposition of a constructive trust over revenues received for the fireplaces.  (*Id.* at pp. 12-13.)

13                        **IV.  RULE 9(B) LEGAL ANALYSIS**

14   **A.    Legal Standard**

15         Plaintiffs have failed to meet the heightened pleading standards of Federal Rule of Civil

16   Procedure 9(b).  Under this rule, all averments of fraud must be plead with particularity.  Fed. R.

17   Civ. Proc. 9(b) (stating that "[i]n all averments of fraud or mistake, the circumstances constituting

18   fraud or mistake shall be stated with particularity").  To plead fraud with particularity, a plaintiff

19   must provide the particular facts going to the circumstances of the fraud, including the time,

20   place, persons, statements made and an explanation of how or why such statements are false or

21   misleading.  *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989);

22   *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 997 (N.D. Cal. 2007).  In other words, the

23   fraud allegations "must be specific enough to give defendants notice of the particular misconduct

24   which is alleged to constitute the fraud charged so that they can defend against the charge…."

25   *Stickrath*, 527 F. Supp. 2d at 997 (quotation marks and citation omitted).

26         When a plaintiff asserts claims based on any type of fraudulent conduct, including

27   misrepresentations or omissions, the plaintiff must satisfy the heightened pleading standard of

28   Rule 9(b).  *See, e.g., Stickrath*, 527 F. Supp. 2d at 997; *McCready v. American Honda Motor*

1    *Corporation*, 2006 WL 1708303, *5 (N.D. Cal. 2006).  The pleading requirements of Rule 9(b)

2    differ based on the extent of the fraudulent conduct alleged.  When the plaintiff alleges "a unified

3    course of fraudulent conduct" and relies "entirely on that course of conduct as the basis of a

4    claim," then the claim "sounds in fraud" and the pleading of that claim as a whole must satisfy the

5    particularity requirement of Rule 9(b).  *Stickrath*, 527 F. Supp. 2d at 997 (citing *Vess v. Ciba-*

6    *Geigy Corp. USA*, 317 F.3d 1097, 1003-04 (9th Cir. 2003)).  When the plaintiff chooses "not to

7    allege a unified course of fraudulent conduct in support of a claim, but rather to allege some

8    fraudulent and some non-fraudulent conduct," only the allegations of fraud are subject to the Rule

9    9(b) heightened pleading requirements.  *Id.* (citing *Vess*, 317 F.3d at 1003-04).

10    **B.    Plaintiffs Have Failed to Plead Their Claims with Particularity**

11    Each and every one of the claims asserted by Plaintiffs are based on the allegations that

12    Defendants misrepresented, omitted or falsely advertised the risks associated with the fireplaces.

13    (*See, e.g.,* Compl. ¶ 1 (alleging Defendants "concealed, suppressed, omitted and misrepresented

14    the risks, dangers, defects, and disadvantages of the fireplaces"); *id.* ¶ 14-16 (alleging Defendants

15    "represented to consumers that said fireplaces were safe, of merchantable quality, and fit for their

16    intended and reasonably foreseeable uses" but that in fact, the fireplaces "are a dangerous and

17    patently unsafe hazard"); *id.* ¶¶ 21-23, 29-30.)  Consequently, all of the claims sound in fraud,

18    meaning that each claim as a whole must satisfy the particularity requirements of Rule 9(b).  *See*

19    *Stickrath*, 527 F. Supp. 2d at 997 (holding that UCL and CLRA claims sounded in fraud because

20    the plaintiffs alleged that the defendant had "failed to disclose material information about the

21    quality of its service and also made affirmative misrepresentations about that quality").

22    Here, Plaintiffs have not come close to satisfying the heightened pleading standards of

23    Rule 9(b).  Although Plaintiffs allege that Defendants made misrepresentations, they failed to

24    describe these misrepresentations with the requisite detail, and omit critical information regarding

25    the specific statements that were made, the time the statements were made, the place that the

26    statements were made, and the persons who made them.  (*See, e.g.,* Compl. ¶ 1 (alleging in a

27    conclusory manner that Defendants "misrepresented the risks, dangers, defects, and disadvantages

28    of the fireplaces" but failing to specify what precise misrepresentations were made, the time the

1  statements were made, the place that the statements were made, and the persons who made them);

2  *id.* ¶¶ 14-15 (alleging Defendants "[mis]represented to consumers that said fireplaces were safe,

3  of merchantable quality, and fit for their intended and reasonably foreseeable uses" but failing to

4  specify who made these representations, when they were made, and where they were made).

5  Plaintiffs also allege that Defendants issued false and misleading advertising, but again, they fail

6  to give any particulars, such as what advertising they believe fits this description, the timeframe

7  during which the advertising was distributed, the form or location of the advertising, etc.  (*See id.*

8  ¶ 21-22.)  In fact, Plaintiffs have not even pointed to a single advertisement that allegedly induced

9  them to purchase their homes.

10      Even when the Complaint is read in the light most favorable to Plaintiffs, the broad and

11  conclusory allegations of misrepresentations and false advertising fall short of including the

12  requisite supporting detail, leaving Defendants to guess what conduct Plaintiffs believe support

13  their claims.  *See Stickrath*, 527 F. Supp. 2d at 997 (explaining that fraud allegations "must be

14  specific enough to give defendants notice of the particular misconduct which is alleged to

15  constitute the fraud charged") (quotation marks and citation omitted).  Accordingly, all of the

16  claims in the Complaint should be dismissed for failing to plead fraud with particularity.

17                      **V.  RULE 12(B) LEGAL ANALYSIS**

18  **A.      Legal Standard for 12(b)(6) Motion**

19      Plaintiffs have failed to allege cognizable legal theories and sufficient supporting facts

20  making dismissal of their Complaint appropriate under Federal Rule of Civil Procedure 12(b)(6).

21  Under this rule, a court must dismiss a complaint when a plaintiff has not plead a cognizable legal

22  theory or plead sufficient facts to support a cognizable legal theory.  *Navarro v. Block*, 250 F.3d

23  729, 732 (9th Cir. 2001).  For purposes of such a motion, the court must construe the complaint in

24  the light most favorable to the plaintiff.  *Everest & Jennings, Inc. v. American Motorists Ins. Co.*,

25  23 F.3d 226, 228 (9th Cir. 1994).  However, the court cannot assume that the plaintiffs can prove

26  facts which have not been alleged.  *Country Nat'l Bank v. Mayer*, 788 F. Supp. 1136, 1139 (E.D.

27  Cal. 1992) (quoting *Associated Gen. Contractors v. Cal. State Council*, 459 U.S. 519, 526

28  (1983)).  Additionally, the court need not accept as true allegations that are merely conclusory,

934460.4

8

1   unwarranted deductions of fact, unreasonable inferences, or legal characterizations cast in the

2   form of factual allegations. *See Spreewell v. Golden State Warriors*, 266 F.3d 979, 987 (9th Cir.

3   2001); *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

4   **B.      Plaintiffs Cannot Maintain a Claim for Unjust Enrichment**

5          Plaintiffs assert a cause of action for "unjust enrichment;" however, under California law,

6   "[u]njust enrichment is not a cause of action...or even a remedy, but rather a general principle,

7   underlying various legal doctrines and remedies." *McBride v. Boughton*, 123 Cal. App. 4th 379,

8   387 (2004); *see also Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 794 (2003)

9   (explaining that the phrase unjust enrichment "does not describe a theory of recovery, but an

10  effect: the result of a failure to make restitution under circumstances where it is equitable to do

11  so"). As a  result, a majority of the state and federal courts to consider the issue have refused to

12  recognize an independent cause of action for unjust enrichment. *See, e.g., Melchior*, 106 Cal.

13  App. 4th at 794 (stating "there is no cause of action in California for unjust enrichment"); *McKell*

14  *v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1490 (2006) (same); *Walker v. GEICO*

15  *General Ins. Co.*, 2007 WL 499660, *4 (E.D. Cal. 2007) (same). Following this well-established

16  line of authority, this Court should dismiss the unjust enrichment claim without leave to amend.

17  *See Walker*, 2007 WL 499660, *4 (dismissing an unjust enrichment claim without leave to

18  amend; reasoning that because "California law does not recognize [a] claim for unjust

19  enrichment, there are no facts Plaintiff could prove to support this claim" and that therefore "the

20  deficiencies of the complaint cannot be cured").[2]

21

22

23

---

24  [2]  Defendants note that a few courts appear to have recognized an unjust enrichment claim, but in these cases the plaintiffs were seeking restitution and had no other adequate remedies, *Falk v. General Motors Corp.*, 496 F. Supp.

25  2d 1088, 1099-1100 (N.D. Cal. 2007), or the plaintiffs had asserted unjust enrichment claims based on rights arising out of other law, *Walker v. GEICO General Ins. Co.*, 2007 WL 499660, *4 (E.D. Cal. 2005). Here, Plaintiffs have adequate remedies because they have asserted UCL and CLRA claims under which they seek to recover restitution

26  and damages, respectively.  *See Falk*, 496 F. Supp. 2d at 1099-1100 (dismissing an unjust enrichment claim because the plaintiffs had asserted claims under the CLRA and UCL, thereby negating the need for the plaintiffs to resort to

27  an unjust enrichment theory).  Additionally, Plaintiffs do not base their unjust enrichment claims on rights arising out of other laws, which also weighs in favor of dismissing the claim with prejudice. *See Walker*, 2007 WL 499660 at *4

28  (dismissing unjust enrichment claim because plaintiffs had not premised their claim on other laws).

**C.**    **Plaintiffs Have Failed to Allege Sufficient Facts Demonstrating Compliance with the CLRA Notice Requirements**

Before a plaintiff may file a CLRA action seeking damages, that plaintiff must first comply with the notice requirements of Civil Code Section 1782. Specifically, at least thirty (30) days or more before commencement of a CLRA action for damages, the plaintiff must: (1) notify the person or corporation alleged to have employed or committed methods, acts, or practices declared unlawful by the CLRA of the particular alleged violations, and (2) demand that the person or company correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation. Cal. Civ. Code § 1782(a). The notice must be placed in writing and sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the corporate principal place of business. *Id.*

The CLRA notice requirements serve "to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements," and are designed "to provide and facilitate precomplaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished." *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30, 40-41 (1975). In light of these purposes, courts literally apply and strictly construe the notice requirements. *See id.; Cattie v. Wal-Mart Stores Inc.*, 504 F. Supp. 2d 939, 950 (S.D. Cal. 2007) (stating that "a claim for damages under the CLRA requires strict compliance with the notice requirements").

As a result, to properly assert a CLRA claim, the plaintiff must allege specific facts demonstrating compliance with each of the CLRA notice requirements. *See Cattie*, 504 F. Supp. 2d at 950 (stating that "compliance with this requirement is necessary to state a claim" and holding that failure to do so results in dismissal of a claim with prejudice) (citing *Outboard Marine*, 52 Cal. App. 3d at 40-41 (1975) (addressing failure to give CLRA notice under demurrer standard); *Laster v. T-Mobile United States, Inc.*, 407 F. Supp. 2d 1181, 1195-96 (S.D. Cal. 2005) (dismissing CLRA damages claim with prejudice under Rule 12(b)(6) for failing to comply with notice requirements); *Von Grabe v. Sprint*, 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003) (dismissing premature CLRA damages claim with prejudice)). If the plaintiff fails to adequately

1  allege compliance, or if the allegations reveal that the plaintiff has not actually complied, the

2  court must dismiss the claim.  *See, e.g., Laster*, 407 F. Supp. 2d at 1195; *Cattie*, 504 F. Supp. 2d

3  at 950; *Von Grabe*, 312 F. Supp. 2d at 1304.

4          Plaintiffs have not properly alleged compliance with the CLRA notice requirements.

5  Although Plaintiffs allege in a conclusory manner that they have given notice to Defendants "in

6  accordance with Cal. Civ. Code section 1780 [sic]," (Compl. ¶ 33), this legal conclusion cast in

7  the form of a factual allegation should not be accepted as true for purposes of this Motion to

8  Dismiss, *see Spreewell*, 266 F.3d at 987 (explaining that on a motion to dismiss the court need not

9  accept as true allegations that are merely conclusory, unwarranted deductions of fact,

10 unreasonable inferences, or legal characterizations cast in the form of factual allegations).[3]

11 Plaintiffs have not alleged *when* they purportedly sent such notice, *how* such notice was sent, and

12 *what* information that notice contained, all of which must be completed in a certain manner to

13 comply with the CLRA.  *See* Cal. Civ. Code § 1782(a).  Accordingly, the Court should dismiss

14 the CLRA claim to the extent Plaintiffs seek damages, given that they have failed to adequately

15 allege compliance with the notice requirements.

16         Moreover, the Court should dismiss the CLRA damages claim without leave to amend

17 because Plaintiffs cannot in good faith allege different or additional facts to cure the deficiencies

18 in their Complaint.[4]  *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) (the court may dismiss the

19 complaint without leave to amend if "the plaintiff can prove no set of facts in support of his claim

20 which would entitle him to relief").  Contrary to their conclusory allegations, Plaintiffs never

21

22 [3]  The Court should be particularly suspicious of this conclusory allegation since Plaintiffs have not attached the notice to their pleading, as they alleged in their Complaint.  (See Compl. ¶ 33 (stating that a copy of the notice has been attached to the Complaint as Exhibit A).)

23 [4]  There is a split of authority regarding whether failure to adhere to the CLRA notice requirements should result in

24 dismissal of a CLRA damages claim with or without prejudice.  *Compare Cattie*, 504 F. Supp. 2d at 950 (dismissing CLRA claim with prejudice), *and Utility Consumers' Action Network v. Sprint Solutions, Inc.*, 2008 WL 1946859, *6 (S.D. Cal. 2008) (same), *with Deitz v. Comcast Corp.,* 2006 WL 3782902, at *6 (N.D. Cal. 2006) (dismissing CLRA

25 claim without prejudice).  The case law dismissing claims with prejudice better comport with the spirit and intent of the CLRA and should therefore be followed here.  *See Cattie*, 504 F. Supp. 2d at 950 (explaining that to permit a

26 plaintiff  "to seek damages first and then later, in the midst of a lawsuit, give notice and amend would destroy the notice requirement's utility, and undermine the possibility of early settlement"); *Utility Consumers' Action Network*,

27 2008 WL 1946859, at *6  (explaining that the "prefiling notice serves to avoid litigation, not to put additional pressure on a defendant during the course of litigation" and that defendants "should…be[] afforded the opportunity to

28 attempt to resolve…issues before litigation…[is] instituted").

1   provided Defendants with CLRA notice in connection with this national class-action lawsuit, and

2   instead, chose charge ahead with the filing of their Complaint for damages, ignoring the clear

3   purpose and intent of the CLRA to facilitate pre-complaint settlement.  *See Cattie*, 504 F. Supp.

4   2d at 950; *Utility Consumers' Action Network*, 2008 WL 1946859, at *6.  This is why Plaintiffs

5   failed to attach Exhibit A to their Complaint -- because no such notice exists.  Accordingly, the

6   claim should be dismissed with prejudice.

7   **D.      Plaintiffs Have Failed to Allege Sufficient Facts to Support a CLRA Claim Because
            Plaintiffs Have Not Alleged Facts Demonstrating that Defendants Engaged in a**

8   **"Transaction"**

9           Generally speaking, the CLRA "proscribes certain unfair methods of competition and

10  unfair or deceptive acts or practices undertaken by any person in a transaction intended to result

11  or which results in the sale or lease of goods or services to any consumer including '[u]sing

12  deceptive representations…in connection with goods or services.'"  *Colgan v. Leatherman Tool*

13  *Group, Inc.*, 135 Cal. App. 4th 663, 679-680 (2006) (quoting Civ. Code §1770(a)(4)); *see also*

14  *Bescos v. Bank of America*, 105 Cal. App. 4th 378, 387 (2003).  Importantly, and as explained

15  below, a CLRA action can be asserted only against those defendants who sell goods or services

16  directly to individuals who are natural persons.  Here, because the Complaint alleges that

17  Defendants sold fireplaces to homebuilders, who then sold homes containing fireplaces to

18  individuals, the CLRA does not apply.

19          The key substantive provisions of the CLRA are located in California Civil Code sections

20  1770 and 1780.  *See generally* Civ. Code §§ 1770-1780.  Section 1780 authorizes an action by

21  "[a]ny consumer who suffers any damage as a result of the use or employment by any person of a

22  method, act or practice declared unlawful by Section 1770."  *Id.* § 1780(a).  In turn, Section 1770

23  declares unlawful twenty-three presumptively unfair methods of competition and unfair or

24  deceptive acts or practices that are "undertaken by any person **in a transaction**…."  *Id.* § 1770(a)

25  (emphasis added); *cf. Ting v. AT&T*, 319 F.3d 1126, 1148 (9th Cir. 2003) (explaining that the

26  CLRA only applies to "a limited set of transactions").

27          The term "transaction" has been specifically defined by the CLRA as "an agreement

28  between a **consumer** and any other **person**, whether or not the agreement is a contract

934460.4                                    12

1    enforceable by action, and includes the making of, and performance pursuant to, that agreement."

2    Civ. Code § 1761(e) (emphasis added).  The CLRA further defines "consumer" as "an **individual**

3    who seeks or acquires, by purchase or lease, any goods or services for personal, family, or

4    household purposes."  *Id.* §1761(d) (emphasis added).  While the CLRA does not define

5    "individual," in light of the broader definition of "person," which includes individuals, entities,

6    associations and groups, common sense dictates that the term refers only to a natural person.[5]

7        Reading the substantive provisions of the CLRA together with the definitions provided

8    under the Act, a clear and simple rule emerges.  A plaintiff can bring a lawsuit against a

9    defendant under the CLRA only if that defendant has engaged in unfair competition and/or unfair

10   or deceptive acts as part of a "transaction."  *See* Civ. Code § 1770(a); *Ting*, 319 F.3d at 1148.

11   According to the CLRA, a defendant engages in a "transaction" by entering into an agreement

12   with an individual, i.e. a natural person, who purchases goods for personal, family, or household

13   purposes.  *Id.* §§ 1761, 1770, 1780.

14       Therefore, under the plain and unambiguous language of the CLRA, the Act only applies

15   if the defendant has engaged in unfair competition and/or unfair or deceptive acts as part of an

16   transaction with a natural person who purchases goods for personal, family, or household

17   purposes.  Accordingly, the CLRA does not apply to unfair or deceptive acts engaged in by a

18   defendant as part of a transaction with non-natural persons, such as partnerships, corporations,

19   limited liability companies, associations, or other groups, however organized.  *Cf. Cal. Grocers*

20   *Ass'n v. Bank of Am.*, 22 Cal. App. 4th 205 (1994) (holding that trade group was not "consumer"

21   of services for personal, family, or household purposes).  Nor does the CLRA apply to unfair or

22   deceptive acts engaged in by a defendant with natural persons who do not buy or lease goods for

23   personal, family, or household purposes.  *Cf. id.*

24       Plaintiffs have not alleged any facts in their Complaint demonstrating that Defendants

25   engaged in a "transaction."  More specifically, Plaintiffs have not alleged that Defendants entered

26   into an agreement with an individual (a natural person) who purchased or leased the fireplaces for

27

28   [5] The CLRA defines "person" as "an **individual**, partnership, corporation, limited liability company, association, or other group, however organized."  Civ. Code §1761(c) (emphasis added).

1   personal, family, or household purposes.  Rather, Plaintiffs allege that Defendants sold the glass-

2   front fireplaces to construction companies, that these companies installed the glass front

3   fireplaces into the homes, and that Plaintiffs then "purchased and/or otherwise came to own"

4   residences and other dwellings outfitted with the fireplaces.  (*See* Compl. ¶¶ 14, 16.)  The alleged

5   sale of the fireplaces by Defendants to construction companies cannot constitute a "transaction"

6   under the CLRA because the companies are not "consumers," as they are not natural persons and

7   did not purchase the fireplaces for their own "personal, family, or household purposes."

8           Consequently, Plaintiffs have not alleged that Defendants engaged in a "transaction."

9   Given that the plain and unambiguous language of the CLRA requires this transaction as a

10  prerequisite to suit, the Court must dismiss that cause of action for failure to plead sufficient facts.

11  *See generally Outboard Marine*, 52 Cal. App. 3d at 40 (explaining that a court cannot "disregard

12  or enlarge the plain provisions of the [CLRA]" or "go beyond the meaning of the words used

13  when they are clear and unambiguous" and instead must give "effect … to its plain meaning").

14  Moreover, because Defendants do not sell their fireplaces to "individuals" who purchase the units

15  for their own "personal, family, or household purposes," Plaintiffs cannot in good faith allege

16  different or additional facts to cure the deficiencies in their Complaint.[6]  Accordingly, the court

17  should dismiss their CLRA claim without leave to amend.  *See Conley,* 355 U.S. at 45-46.

18  **E.**    **The Claims Asserted by Class Members Who Own Homes In Which Fireplaces**
            **Were Installed Over Three to Four Years Ago Are Barred by the Statute of**
19          **Limitations**

20          Although Plaintiffs have asserted UCL, CLRA and unjust enrichment claims on behalf of

21  purported class members who purchased homes with fireplaces installed over the past ten years,

22  the statues of limitation applicable to these claims impose significantly shorter filing periods.

23  Specifically, under the UCL actions must be commenced "within four years after the cause of

24  _____

25  [6]  Defendant Lennox Hearth Products Inc. sells its fireplaces to distributors, who in turn sell the fireplaces to
    construction companies, who then sell houses containing the fireplaces.  The sale of the fireplaces from Defendant to
    the distributors also does not constitute a transaction under the CLRA.  The distributors that Defendant sold the

26  fireplaces to are not individuals (natural persons) and did not purchase the fireplaces for their own personal, family,
    or household purposes.

27  Of course, these facts cannot be considered on the motion to dismiss because Plaintiffs did not allege these facts in
    their Complaint.  However, the facts do demonstrate that Plaintiffs should not be granted leave to amend because

28  they cannot in good faith allege a transaction between Defendants and any individual.

934460.4                                      14

action accrued," Cal. Bus. & Prof. Code § 17208, while under the CLRA actions must be

commenced "not more than three years from the date of the commission" of the unlawful act,

Cal. Civ. Code § 1783. Similarly, claims founded in quasi-contract, such as unjust enrichment,

are subject to the same statute of limitations as fraud and must therefore be commenced within

three years from the date the cause of action accrued. *First Nationwide Savings v. Perry*, 11 Cal.

App. 4th 1657, 1670 (1992). Therefore, applying elementary math, the claims of the putative

class members who own a home in which a fireplace was installed more than three to four years

ago are time-barred.[7]

The Complaint attempts to overcome the untimeliness of these class claims by alleging

that Defendants "concealed" that the glass doors to the fireplace become hot during operation.

(*See, e.g.,* Compl. ¶¶ 1, 15, 22.) The addition of these cursory allegations of concealment,

however, are not sufficient to resurrect the tardy class claims as neither the delayed discovery rule

nor the fraudulent concealment doctrine are applicable, as discussed in detail below.

### 1.    *The Delayed Discovery Rule Does Not Apply to the UCL Claim*

The delayed discovery rule provides that a cause of action does not accrue until the

"plaintiff has actual or constructive knowledge of facts giving rise to the claim." *See generally*

*Snapp & Assoc. Ins. Servs., Inc. v. Robertson*, 96 Cal. App. 4th 884, 891 (2002). Numerous state

and federal authorities have held that this rule does not apply to UCL claims. *See, e.g., id.*

(holding that the discovery rule "does not apply to unfair competition actions"); *McCready v.*

*American Honda Motor Co., Inc.,* 2006 WL 1708303, * 4 (N.D. Cal. 2006) (same). As a result,

the four-year UCL statute of limitations begins to run "on the date the cause of action accrue[s],

not on the date of discovery." *Karl Storz Endoscopy Am., Inc. v. Surgical Techs. Inc.*, 285 F.3d

848, 857 (9th Cir. 2002) (citation omitted); *Snapp*, 96 Cal. App. 4th at 891 (explaining that "the

statute begins to run...irrespective of whether plaintiff knew of its accrual"); *see also Endres v.*

---

[7]  The statute of limitations begins to run as soon as the first owner purchases a home with a fireplace; if this original owner sells the home, the new owner is not entitled to a new statute of limitations as "[s]uch a rule would wholly disregard the repose function of statutes of limitations." *See Camsi IV v. Hunter Technology Corp.*, 230 Cal.App.3d 1525, 1535 (1991) (stating "[a]n owner must bring its claim to court within the statutory period or the claim will be barred for that and all subsequent owners").

1    *Wells Fargo Bank*, 2008 WL 344204, *6 (N.D. Cal. 2008) (stating that "the UCL limitations

2    period [on a claim alleging misrepresentations] begins to run at the time of the alleged

3    misrepresentation, not on the date of its discovery by the plaintiff"). Accordingly, the discovery

4    rule is of no aid to those class members with untimely UCL claims.

5        **2.    *Plaintiffs Have Not and Cannot Allege Sufficient Facts for the Delayed Discovery Rule to Apply to the CLRA or Unjust Enrichment Claims***

6

7        Unlike the UCL, the discovery rule applies to CLRA claims and quasi-contract claims,

8    causing the statute to run from the time a reasonable person would have discovered the basis for a

9    claim. *Endres*, 2008 WL 344204, at *6 (discovery rule applies to CLRA actions) (citing

10   *Massachusetts Mut. Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1295 (2002)); *cf. E-*

11   *Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1318 (2007) (discovery rule

12   applies to fraud actions). Significantly, however, the delayed discovery rule "does not postpone

13   the accrual of a cause of action until a plaintiff *actually* discovers the relevant facts." *McCready*,

14   2006 WL 1708303, *4 (emphasis in original) (citing *Kline v. Turner*, 87 Cal. App. 4th 1369, 1375

15   (2001)). Rather, the rule provides that a cause of action begins to accrue as soon as a plaintiff has

16   "notice or information of circumstances that would have put a reasonable person on inquiry, or

17   [has] the opportunity to obtain knowledge from sources open to their investigation." *Id.* (citing

18   *Gen. Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1397 (9th Cir. 1991)).

19       To invoke the delayed discovery rule in a complaint, a plaintiff has "to plead facts

20   showing: (1) lack of knowledge; (2) lack of means of obtaining knowledge; and (3) how and

21   when the fraud or mistake was actually discovered." *Id.* (citing *Gen. Bedding Corp.*, 947 F.2d at

22   1397). Plaintiffs have not plead any of these essential facts with respect to those class members

23   who had a fireplace installed more than three years ago. For example, Plaintiffs have not pled

24   any facts regarding the purported lack of knowledge of these class members, their ignorance of

25   the alleged fraud, why they lacked the means to discover the alleged fraud, whether they

26   exercised reasonable diligence in investigating the alleged fraud, or when the alleged fraud was

27   actually discovered. As a result, the putative class members have not plead sufficient facts to

28   invoke the discovery rule, and without the assistance of this rule, their claims are time-barred by

934460.4                                   16

1    the CLRA and unjust enrichment three-year statute of limitations.

2          Furthermore, Plaintiffs should not be granted leave to amend their Complaint because they

3    cannot allege facts that would support application of the discovery rule to the claims of those

4    class members who own a home in which a fireplace was installed more than three years ago. *See*

5    *generally Conley,* 355 U.S. at 45.  Reasonable persons know that fires are hot.  Fireplaces

6    generate heat.  The fact that the glass pane of the fireplaces sits only inches away from the flames

7    and may become hot during operation is patently obvious thereby placing any reasonable person

8    on notice. *See Gen. Bedding Corp.*, 947 F.2d at 1397 (explaining that a cause of action begins to

9    accrue as soon as a plaintiff has "notice or information of circumstances that would have put a

10   reasonable person on inquiry").  Even if the class members somehow did not understand that the

11   glass-fronts become hot, they could have easily discovered this information by simply turning on

12   their fireplaces. *See id.* (explaining that under the delayed discovery rule, a claim begins to

13   accrue as soon as a plaintiff has "the opportunity to obtain knowledge from sources open to their

14   investigation").  Thus, Plaintiffs cannot allege that the class members lacked notice or lacked the

15   means of obtaining knowledge about the temperature of the glass doors, both of which are

16   essential prerequisites for application of the discovery rule. *See id.*

17          **3.        *Plaintiffs Have Not and Cannot Allege Sufficient Facts for the Fraudulent
                        Concealment Doctrine to Toll the Statute of Limitations***
18

19          The fraudulent concealment doctrine tolls the statute of limitations when a defendant has

20   fraudulently concealed the existence of a cause of action. *See Snapp*, 96 Cal. App. 4th at 890

21   (explaining that doctrine "disarm[s] a defendant who, by his own deception, has caused a claim to

22   become stale and a plaintiff dilatory").  The doctrine, however, "does not come into play,

23   whatever the lengths to which a defendant has gone to conceal the wrongs, if a plaintiff…[has]

24   notice of a potential claim." *Id.* (quotation marks and citation omitted).  Additionally, like the

25   delayed discovery rule, a plaintiff has "a duty to reasonably investigate" under the fraudulent

26   concealment doctrine. *Id.* (citing *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1112 (1988)); *see also*

27   *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120 (9th Cir. 1980) (indicating that the

28   plaintiff must exercise "due diligence in trying to uncover the facts").

1    Under both California and federal authority, a plaintiff must plead facts giving rise to a

2 claim of fraudulent concealment with particularity. *Conerly*, 623 F.2d at 120; *Rutledge v. Boston*

3 *Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978). To properly plead fraudulent

4 concealment, the plaintiff must state: "(1) when the fraud was discovered; (2) the circumstances

5 under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it

6 or had no actual or presumptive knowledge of facts sufficient to put him on inquiry... [and] that in

7 the exercise of reasonable diligence the facts could not have been discovered at an earlier date."

8 *Conerly*, 623 F.2d at 120 (citing *Baker v. Beech Aircraft Corp.*, 39 Cal. App. 3d 315, 321 (1974)).

9 Additionally, the "plaintiff must allege facts showing affirmative conduct upon the part of the

10 defendant which would, under the circumstances of the case, lead a reasonable person to believe

11 that he did not have a claim for relief." *Id.* (citing *Rutledge*, 576 F.2d at 250). "The existence of

12 such fraud must be alleged clearly and unequivocally and must not rest upon inferences." *Id.*

13    With respect to those class members who own a home in which a fireplace was installed

14 more than three or four years ago, Plaintiffs have failed to allege fraudulent concealment with

15 particularity as required to toll the statute of limitations. For example, Plaintiffs have not plead

16 any facts regarding the purported lack of knowledge of these class members, their ignorance of

17 the alleged fraud, why they lacked the means to discover the alleged fraud, whether they

18 exercised reasonable diligence in investigating the alleged fraud, when the alleged fraud was

19 actually discovered and under what circumstances, and importantly, what affirmative conduct by

20 Defendants would, under the circumstances of this case, lead reasonable persons to believe that

21 they did not have a claim for relief. Given the absence of these essential factual allegations, the

22 Court should dismiss the UCL, CLRA and unjust enrichment claims asserted by the class

23 members who own a home in which a fireplace was installed more than three or four years ago.

24    Additionally, Plaintiffs should not be granted to leave to amend because the fraudulent

25 concealment doctrine only applies when a plaintiff has no actual or presumptive knowledge of

26 facts that would put him on notice, and when in the exercise of reasonable diligence such facts

27 could not have been discovered earlier. *Conerly*, 623 F.2d at 120. Since the class members

28 should appreciate and understand that the fireplace glass-fronts become hot, they had notice, and

1    since the class members have these fireplaces installed in their homes, they did not lack the means

2    to discover this information.  Accordingly, since Plaintiffs can allege no facts that would bring the

3    UCL, CLRA and unjust enrichment claims asserted by these class members within the statute of

4    limitations, this Court should dismiss those claims without leave to amend.  *See generally Conley,*

5    355 U.S. at 45 (the court may dismiss the complaint without leave to amend if "the plaintiff can

6    prove no set of facts in support of his claim which would entitle him to relief").

7                                        **VI.  CONCLUSION**

8            The Complaint should be dismissed on multiple grounds.  First, Plaintiffs have failed to

9    plead their UCL, CLRA and unjust enrichment claims with the requisite particularity.  Second,

10   Plaintiffs cannot assert an unjust enrichment claim as a matter of law.  Third, Plaintiffs have not

11   alleged sufficient facts to demonstrate compliance with the pre-lawsuit notice requirements of the

12   CLRA, and fourth, Plaintiffs have not alleged that Defendants engaged in a "transaction" with an

13   "individual" who purchased the fireplaces for "personal, family, or household purposes," as

14   required by CLRA.  Finally, because the discovery rule and fraudulent concealment doctrines do

15   not apply, the UCL claims asserted by class members who own a home in which a fireplace was

16   installed more than four years ago are barred by the statute of limitations, while the CLRA and

17   unjust enrichment claims asserted by class members who own a home in which a fireplace was

18   installed more than three years ago are barred by the statute of limitations.

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

934460.4

MOTION TO DISMISS/ POINTS AND AUTHORITIES IN SUPPORT THEREOF

1     For these reasons, the Court should not only dismiss the Complaint, but refuse to grant

2  Plaintiffs leave to amend their CLRA and unjust enrichment claims, as well as the UCL, CLRA

3  and unjust enrichment causes of action that are asserted by class members whose claims are

4  barred by the three or four statute of limitations.

5

6  DATED:  June 27, 2008                    DOWNEY BRAND LLP

7

8                                           By:  /s/ William R. Warne
9                                                WILLIAM R. WARNE
                                                 Attorney for Defendants
10                                          SUPERIOR FIREPLACE COMPANY; LENNOX
                                            HEARTH PRODUCTS INC.; LENNOX
11                                               INTERNATIONAL INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

934460.4                           20