DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
MICHAEL J. THOMAS (Bar No. 172326)
MEGHAN M. BAKER (Bar No. 243765)
555 Capitol Mall, Tenth Floor
Sacramento, CA  95814-4686
Telephone:     (916) 444-1000
Facsimile:     (916) 444-2100
bwarne@downeybrand.com
mthomas@downeybrand.com
mbaker@downeybrand.com

Attorneys for Defendants LENNOX HEARTH
PRODUCTS INC.; LENNOX INTERNATIONAL INC.;
SUPERIOR FIREPLACE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK KEILHOLTZ and KOLLEEN KEILHOLTZ for themselves and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR FIREPLACE COMPANY; LENNOX HEARTH PRODUCTS INC.; LENNOX INTERNATIONAL INC. and DOES 1 through 25, Inclusive,<br><br>Defendants. | CASE NO.  3:08-cv-00836-SI<br><br>**DEFENDANT LENNOX INTERNATIONAL INC.'S:**<br><br>**(1) NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; AND**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.**<br><br>**[Fed. R. Civ. Proc. 12(b)(2)]**<br><br>[Declaration of Kenneth C. Fernandez filed concurrently herewith.]<br><br>Date:       August 11, 2008<br>Time:       9:00 a.m.<br>Courtroom: 10<br>Judge:      Susan Illston<br><br>Complaint Filed February 6, 2008 |

935666.3

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# TABLE OF CONTENTS

Page

NOTICE OF MOTION ...................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I.  INTRODUCTION ...............................................................................................................1

II. STATEMENT OF FACTS ..................................................................................................2

    A.  Plaintiffs' Allegations Against Lennox International ..............................................2

    B.  Lennox International Is A Separate Corporation From The Other Defendants, And Lennox International Was Not Involved In Any Respect With The Fireplaces At Issue .................................................................................3

III. STATEMENT OF ISSUE ON MOTION TO DISMISS .....................................................5

IV. LEGAL ANALYSIS ............................................................................................................5

    A.  Plaintiffs Cannot Establish That The Court Has General Jurisdiction Over Lennox International .................................................................................................6

    B.  Plaintiffs Cannot Establish That The Court Has Specific Jurisdiction Over Lennox International .................................................................................................7

        1.  Lennox International Did Not Purposefully Avail Itself Of The Privilege Of Conducting Activities In California .....................................8

        2.  Lennox International Has No Forum-Related Activities, And Thus Has No Forum-Related Activities Which Were Relevant To Plaintiffs' Alleged Injuries ......................................................................8

        3.  It Is Unreasonable For A California Court To Exercise Jurisdiction Over Lennox International ...............................................................................9

    C.  The Contacts Of Lennox Hearth And Superior Fireplace Company Cannot Be Imputed To Lennox International ....................................................................10

        1.  Plaintiffs Do Not Allege And Cannot Prove That Lennox International Is The Alter Ego Of Lennox Hearth Or Superior Fireplace Company ..........11

        2.  Neither Lennox Hearth Nor Superior Fireplace Company Is An "Agent" Of Lennox International ...............................................................12

V.  CONCLUSION ..................................................................................................................13

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert,
  94 F.3d 586 (9th Cir. 1996) .................................................................................. 11

Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.,
  1 F.3d 848 (9th Cir. 1993) .................................................................................. 6, 9

Asahi Metal Indus. Co, Ltd.. v. Super. Ct. of Cal., Solano County.,
  480 U.S. 102 (1987) ................................................................................................ 9

Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,
  223 F.3d 1082 (9th Cir. 2000) ................................................................................ 6

Bellomo v. Pennsylvania Life Co.,
  488 F.Supp. 744 (S.D.N.Y. 1980) ........................................................................ 13

Brand v. Menlove Dodge,
  796 F.2d 1070 (9th Cir. 1986) ................................................................................ 6

Burger King Corp. v. Rudzewicz,
  471 U.S. 462 (1985) ..................................................................................... 6, 7, 8, 9

Calvert v. Huckins,
  875 F.Supp. 674 (E.D.Cal.1995) .......................................................................... 11

Chan v. Society Expeditions, Inc.,
  39 F.3d 1398 (9th Cir.1994) ................................................................................. 12

Core-Vent Corp. v. Nobel Indus. AB,
  11 F.3d 1482 (9th Cir. 1993) .............................................................................. 5, 9

Cubbage v. Merchant,
  744 F.2d 665 (9th Cir. 1984) .................................................................................. 5

Data Disc, Inc. v. Systems Technology Assoc., Inc.,
  557 F.2d 1280 (9th Cir.1977) ................................................................................. 5

Doe v. Unocal Corp.,
  248 F.3d 915 (9th Cir. 2001) ........................................................... 5, 6, 10, 11, 12, 13

El-Fadl v. Central Bank of Jordan,
  75 F.3d 668 (D.C. Cir. 1996) ............................................................................... 11

Gallagher v. Mazda Motor of America, Inc.,
  781 F.Supp. 1079 (E.D. Pa. 1992) ....................................................................... 12

Gray & Co. v. Firstenberg Mach. Co.,
  913 F.2d 758 (9th Cir. 1990) .............................................................................. 7, 8

# TABLE OF AUTHORITIES
## (continued)

Page

Helicopteros Nacionales de Colombia, S.A. v. Hall,
  466 U.S. 408 (1984) ........................................................................................ 7

Holland America Line Inc. v. Wartsila North America, Inc.,
  485 F.3d 450 (9th Cir. 2007) ........................................................................ 10

Int'l Shoe Co. v. Washington,
  326 U.S. 310 (1945) ................................................................................ 5, 6, 7

Keeton v. Hustler Magazine, Inc.,
  465 U.S. 770 (1984) ...................................................................................... 10

Mattel, Inc. v. Greiner and Hausser GMBH,
  354 F.3d 857 (9th Cir. 2003) .......................................................................... 5

Perkins v. Benguet Consol. Mining Co.,
  342 U.S. 437 (1952) ........................................................................................ 6

Rep. Int'l Corp. v. Amco Eng'rs, Inc.,
  516 F.2d 161 (9th Cir. 1975) .......................................................................... 5

Rio Properties, Inc. v. Rio Int'l. Interlink,
  284 F.3d 1007 (9th Cir. 2002) ........................................................................ 5

Tansure, Inc. v. Marsh and McLennan, Inc.,
  766 F.2d 1297 (9th Cir. 1985) ...................................................................... 10

United States v. Bestfoods,
  524 U.S. 51 (1998) ........................................................................................ 10

World-Wide Volkswagen Corp. v. Woodson,
  444 U.S. 286 (1980) .................................................................................. 6, 8

## STATE CASES

Cornelison v. Chaney,
  16 Cal. 3d 143 (1976) ..................................................................................... 6

Institute of Veterinary Pathology v. California Health Laboratories
  116 Cal.App.3d 111 (1981) .......................................................................... 11

Laird v. Capital Cities/ABC, Inc. ,
  68 Cal.App.4th 727 (1998) .......................................................................... 11

Sibley v. Super. Ct.,
  16 Cal.3d 442 (1976) .................................................................................. 5, 6

Vons Cos., Inc. v. Seabest Foods, Inc.,
  14 Cal.4th 434 (1996) ..................................................................................... 5

**TABLE OF AUTHORITIES**
**(continued)**

Page

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ................................................................................................ 2

Cal. Code Civ. Proc. § 410.10 .................................................................................................. 5

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(2) ............................................................................................................ 1

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT, on August 11, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard at the United States District Court for the Northern District of California, Courtroom 10, with the Honorable Susan Illston, located at 450 Golden Gate Ave., San Francisco, California, Defendant Lennox International Inc. ("Lennox International") will and hereby does specially appear to move, pursuant to Federal Rule of Civil Procedure 12(b)(2), for an order from the Court dismissing Lennox International from this matter for lack of personal jurisdiction.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(2) on the grounds that the Court lacks personal jurisdiction over Lennox International. Lennox International does not have substantial, continuous and systematic contacts with California, and the Court therefore cannot exercise general personal jurisdiction over Lennox International. Additionally, Lennox International has not purposefully availed itself of forum benefits; Lennox International has no limited contacts with the forum; and the assertion of personal jurisdiction in this case would not comport with fair play and substantial justice. Accordingly, the Court cannot exercise specific personal jurisdiction over Lennox International.

Lennox International's motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the concurrently filed Declaration of Kenneth C. Fernandez; all of the pleadings and records on file in this action; and any other oral and documentary evidence which the Court receives at the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Lennox International Inc. ("Lennox International") hereby moves to dismiss the Individual and Class Action Complaint for Equitable Relief, Restitution and Damages ("Complaint") filed by Plaintiffs Kirk Keilholtz and Kolleen Keilholtz (collectively "Plaintiffs").

**I. INTRODUCTION**

It is difficult to imagine claims more overreaching than those premised on an alleged failure to warn of the obvious risk of injury from touching the glass front of a burning fireplace. Nevertheless, Plaintiffs have outdone themselves, by asserting these claims against not only the

935666.3

1

corporate entities that manufactured the fireplaces, but also a holding company that has no connection with the fireplaces in issue or the State of California.

The fireplaces at issue are manufactured by Defendant Lennox Hearth Products Inc. ("Lennox Hearth"). Contrary to the conclusory allegations set forth in the Complaint, Defendant Lennox International does not have, and has never had, any involvement with the fireplaces at issue. Lennox International does not design, engineer, test, assemble, manufacture, distribute, supply, market, advertise, sell, maintain, or place <u>any</u> products on the market in California or any other state. Rather, Lennox International operates solely as a holding company for numerous subsidiaries. It performs no operations and conducts no business other than that of a holding company. It exercises no control and has no involvement in the day-to-day operations of its past or present subsidiaries, including Defendants Superior Fireplace Company and Lennox Hearth. Accordingly, Lennox Intentional should be dismissed from this lawsuit because this Court does not have personal jurisdiction.

## II. STATEMENT OF FACTS

### A. Plaintiffs' Allegations Against Lennox International

Plaintiffs purport to represent a national class of "consumers" who own homes and other residential dwellings in which one or more Superior and Lennox brand single pane sealed glass front fireplaces (hereinafter "fireplaces") have been installed within ten (10) years prior to the date of the filing of the Complaint. (Compl. ¶ 2-3, 7-8.) Plaintiffs, on behalf of the putative class members, assert claims for (1) violation of the California Business and Professions Code section 17200, otherwise known as the unfair completion law , (2) for violation of the Consumer Legal Remedies Act, and (3) for unjust enrichment. (*Id*. ¶¶ 20-42.)

As the basis for these three claims, Plaintiffs allege that Defendants "concealed, suppressed, omitted and misrepresented" certain "risks, dangers, defects, and disadvantages" associated with the fireplaces. (*Id.* ¶ 1.) With respect to the alleged omissions, Plaintiffs assert Defendants "failed to disclose" that the glass-front of the fireplaces become hot during operation and that contact with the glass-front can result in a burn to the skin. (*Id.* ¶ 15.) With respect to the alleged misrepresentations, Plaintiffs appear to assert that Defendants "represented to

935666.3

2

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

consumers that [the] fireplaces were safe, of merchantable quality, and fit for their intended and reasonably foreseeable uses, and with sufficient protections and warnings regarding potential dangers and hazards…." (*Id.* ¶ 14.) Finally, Plaintiffs allege that Defendants issued deceptive, untrue and/or misleading advertising about the fireplaces, however, they do not point to any specific advertising that they believe fits this description. (*See id.* ¶ 21-22.)

In boilerplate allegations, Plaintiffs assert that each of the Defendants were at all times "the agents, servants, controlling and actively participating parents, subsidiaries, affiliates, relations, or employees" of each other, acted "within the course and scope of said agency, service and relationship," and acted "with the consent and knowledge of, or in consort with" each other with respect to the alleged actions on which Plaintiffs rely to support their case. (*Id.* ¶¶ 12-13.)

**B.     Lennox International Is A Separate Corporation From The Other Defendants, And Lennox International Was Not Involved In Any Respect With The Fireplaces At Issue**

Lennox International is a corporation duly organized under Delaware law with its principal place of business in Richardson, Texas. (Fernandez Decl. ¶ 3.) Lennox International is not and has never been qualified to do business in the State of California, and does not conduct business in California. (*Id.*) Lennox International does not have any offices or any employees in California. (*Id.*) Lennox International does not ship any merchandise to California, have any contracts with suppliers or vendors in California, or do any advertising in California. (*Id.*) In fact, Lennox International does not design, engineer, test, assemble, manufacture, distribute, supply, market, advertise, sell, maintain, or place <u>any</u> products on the market in California or any other state. (*Id.*) Rather, Lennox International operates solely as a holding company for numerous subsidiaries. (*Id.*) It performs no operations and conducts no business other than that of a holding company. (*Id.*) The only control exercised by Lennox International over its subsidiaries is by the exercise of its shareholder rights which are primarily the rights to elect the boards of directors of the various subsidiaries. (*Id.*) Each subsidiary makes its own decisions with respect to how it will conduct its specific business. (*Id.*)

Lennox International serves as the holding company for Lennox Industries, Inc., which is a corporation duly organized under Iowa law. (*Id.* ¶ 4.) Lennox Industries, Inc. wholly owns

LHP Holdings, Inc., which is a corporation duly organized under Delaware law. (*Id.*) LHP Holdings, Inc., in turn, is the holding company for Lennox Hearth, which is a corporation duly organized under California law. (*Id.*) Lennox International and Lennox Hearth have been formed as, and have always operated as, separate corporate entities. (*Id.* ¶ 5.)

In 1998, SFC Holdings, a wholly owned subsidiary of Hearth Products, Inc., purchased Superior Fireplace Company. (*Id.* ¶ 7.) SFC Holdings thereafter changed its name to Superior Fireplace Company. (*Id.*) Effective January 11, 2001, Superior Fireplace Company merged into Marco Manufacturing, Inc. (*Id.* ¶ 8.) Also effective January 11, 2001, the newly merged Marco Manufacturing, Inc. changed its name to Lennox Hearth Inc. (*Id.*)

Prior to the merger, Superior Fireplace Company made its own decisions with respect to how it conducted its business and how it operated. (*Id.* ¶ 9.) Lennox International did not direct, instruct, or in any way control any operations of Superior Fireplace Company. (*Id.*) Lennox International did not conduct business on behalf of Superior Fireplace Company, nor did it cause Superior Fireplace Company to conduct any business on behalf of Lennox International. (*Id.*) Lennox International never granted authority to Superior Fireplace Company to act as Lennox International's agent in the conduct of any business affairs, including any affairs relating to Superior Fireplace Company's products. (*Id.*) Lennox International did not ever direct, instruct, or in anyway control Superior Fireplace Company with respect to the design, engineering, testing, assembling, manufacturing, distributing, supplying, marketing, advertising, selling, maintaining, or placing on the market, of any of Superior Fireplace Company's products. (*Id.*)

Lennox Hearth likewise makes its own decisions with respect to how it conducts its business and how it operates. (*Id.* ¶ 5.) Lennox International does not direct, instruct, or in any way control any operations of Lennox Hearth. (*Id.*) Lennox International does not conduct business on behalf of Lennox Hearth, nor does it cause Lennox Hearth to conduct any business on behalf of Lennox International. (*Id.*) Lennox International has not granted authority to Lennox Hearth to act as Lennox International's agent in the conduct of any business affairs, including any affairs relating to Lennox Hearth's products. (*Id.*) Lennox International has not directed, instructed, or in any way controlled Lennox Hearth with respect to the design, engineering,

testing, assembling, manufacturing, distributing, supplying, marketing, advertising, selling, maintaining, or placing on the market, of any of Lennox Hearth's products. (*Id.*) Specifically, Lennox International had no involvement in the design, engineering, testing, assembling, manufacturing, distributing, supplying, marketing, advertising, selling, maintaining, or placing on the market, of the fireplaces at issue in this case. (*Id.* ¶ 11.)

### III. STATEMENT OF ISSUE ON MOTION TO DISMISS

Whether this Court has personal jurisdiction over Defendants Lennox International.

### IV. LEGAL ANALYSIS

Plaintiffs cannot establish that this Court has personal jurisdiction over Lennox International. Plaintiffs bear the burden of establishing that this Court has personal jurisdiction over Lennox International. Rio Properties, Inc. v. Rio Int'l. Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002); see also Vons Cos., Inc. v. Seabest Foods, Inc., 14 Cal.4th 434, 449 (1996) ("When a defendant moves to quash service of process on jurisdictional grounds, the plaintiff has the initial burden of demonstrating facts justifying the exercise of jurisdiction"). It is well established that a court may exercise jurisdiction over a party only when doing so meets the requirements of due process. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001) (citing Cubbage v. Merchant, 744 F.2d 665, 667 (9th Cir. 1984)). "The court may consider evidence presented in affidavits to assist it in its determination." Id. (citing Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir.1977).)

To establish personal jurisdiction over Lennox International, Plaintiffs must satisfy a two-part test. First, Plaintiffs must satisfy the requirement of California's long-arm statute. Cal. Code Civ. Proc. § 410.10. Second, Plaintiffs must establish that this Court's exercise of jurisdiction over Lennox International comports with federal due process. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Under California's long-arm statute, a California court may exercise personal jurisdiction over a defendant to the extent permitted by the United States Constitution. Cal. Code Civ. Proc. § 410.10; Mattel, Inc. v. Greiner and Hausser GMBH, 354 F.3d 857, 863 (9th Cir. 2003); Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1484 (9th Cir. 1993); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1286 (9th Cir. 1977); Sibley v. Super. Ct.,

16 Cal.3d 442, 445 (1976). Thus, the limitations upon personal jurisdiction in California courts are "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." Rep. Int'l Corp. v. Amco Eng'rs, Inc., 516 F.2d 161, 167 (9th Cir. 1975).

The Due Process Clause allows a court to exercise personal jurisdiction over a foreign defendant only where the defendant has sufficient "minimum contacts" with the forum state that maintenance of suit would not offend "traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316; Sibley, 16 Cal.3d at 445. The Due Process Clause thus protects parties from unfairly being brought into a forum with which the party has had no meaningful contacts, ties or relations. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (citing Int'l Shoe, 326 U.S. at 319). The goal of fairness requires there to be a substantial connection between the forum contacts and the plaintiff's claim to warrant the exercise of jurisdiction. Cornelison v. Chaney, 16 Cal. 3d 143, 149 (1976).

Courts have identified two ways to establish personal jurisdiction: general or specific. See generally Int'l Shoe Co., 326 U.S. at 317; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Plaintiffs cannot establish that this Court has either general or specific personal jurisdiction over Lennox International.

### A.      Plaintiffs Cannot Establish That The Court Has General Jurisdiction Over Lennox International

General personal jurisdiction exists only if a defendant has pervasive substantial "continuous and systematic" contacts with the forum such that it could reasonably anticipate being haled into court in the forum state based on an exercise of general jurisdiction. Int'l Shoe Co., 326 U.S. at 317; World-Wide Volkswagen, 444 U.S. at 297. The exercise of jurisdiction must also be reasonable. Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc., 1 F.3d 848, 851 (9th Cir. 1993).

"If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum." Doe, 248 F.3d at 923 (citing Perkins v.

Benguet Consol. Mining Co., 342 U.S. 437, 446 (1952)). "The standard for establishing general jurisdiction is 'fairly high' and requires that the defendant's contacts be of the sort that approximate physical presence." Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (internal citation omitted) (quoting Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986)). Single or isolated activities in the forum state are not enough to subject a defendant to suit on causes of action unconnected with the activities therein. See Int'l Shoe Co., 326 U.S. at 317.

To establish the "minimum contacts" necessary to support general jurisdiction, Plaintiffs must establish that Lennox International has substantial "continuous and systematic" contacts with California tantamount to doing business within the state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). Plaintiffs cannot meet this burden because Lennox International did not engage in activities of the sort or scope that constitute "continuous and systematic" contacts with the State of California, or that "approximate physical presence."

Lennox International is incorporated in Delaware, with its principal place of business in Texas. (Fernandez Decl. ¶ 3.) Lennox International does not conduct any business, have any offices, or have any employees in California. (Id.) Lennox International does not ship any merchandise to California, have any contracts with suppliers or vendors in California, or do any advertising in California. (Id.) In short, Lennox International does not engage in any activities that impact California, and by no means can be said to have a physical presence in California. Accordingly, Plaintiffs cannot carry their burden of establishing general jurisdiction.

**B.     Plaintiffs Cannot Establish That The Court Has Specific Jurisdiction Over Lennox International**

The Due Process Clause requires that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." Burger King Corp., 471 U.S. at 472. This "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." Id. Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, the "fair warning"

requirement is satisfied if the defendants have purposefully availed themselves of the privilege of conducting activities in California, thereby invoking the benefits and protections of its laws; (ii) the plaintiffs' claims arise out of or relate to the defendants' activities in California; and, (iii) the exercise of jurisdiction is fair and reasonable. Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990). Plaintiffs cannot meet this burden here.

### 1. *Lennox International Did Not Purposefully Avail Itself Of The Privilege Of Conducting Activities In California*

The "purposeful availment" requirement assures that a nonresident will be aware that it is subject to suit in the forum state. It can then protect against the costs of litigating there by purchasing insurance; or, if the costs and risks are too great, by severing its connections with the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Stated differently, it protects against a nonresident being haled into local courts solely as the result of "random, fortuitous or attenuated" contacts over which it had no control. Burger King Corp., 471 U.S. at 475. Foreseeability of causing injury in the forum state is not enough by itself to subject a nonresident to jurisdiction there. World-Wide Volkswagen Corp., 444 U.S. at 295. Rather, "the foreseeability that is critical to due process analysis…is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id. at 297.

As noted above, Lennox International is organized under Delaware law and has its principal place of business in Texas. (Fernandez Decl. ¶ 3.) Lennox International is not and has never been qualified to do business in the State of California, and does not conduct business in California. (*Id.*) Lennox International has no employees and no offices in California. (*Id.*) Thus, Lennox International has never purposefully availed itself of the privilege of conducting activities in California, and could not reasonably anticipate being haled into court here.

### 2. *Lennox International Has No Forum-Related Activities, And Thus Has No Forum-Related Activities Which Were Relevant To Plaintiffs' Alleged Injuries*

The second requirement to exercise specific personal jurisdiction is that the cause of action at issue arose out of, or was related to, Lennox International's activities in California.

Gray & Co., 913 F.2d at 760. As described above, Plaintiffs' claims all relate to fireplaces manufactured by entities other than Lennox International. Lennox International has never had any involvement with the design, engineering, testing, assembling, manufacturing, distributing, supplying, marketing, advertising, selling, maintaining, or placing on the market of the fireplaces at issue. (Fernandez Decl. ¶ 11.) Accordingly, Lennox International neither undertook nor performed any "activities" in California that were related to the alleged injuries.

### 3. *It Is Unreasonable For A California Court To Exercise Jurisdiction Over Lennox International*

If minimum contacts are found to exist, a court's exercise of jurisdiction may still be improper if such exercise is found to be unreasonable. Asahi Metal Indus. Co, Ltd.. v. Super. Ct. of Cal., Solano County., 480 U.S. 102, 115 (1987); Burger King, 471 U.S. at 477-78; Amoco Egypt Oil Co., 1 F.3d at 851. In determining reasonableness, courts examine several factors, including: (1) the extent of the nonresident defendant's purposeful interjection into the forum; (2) the burden on the defendant of entering the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Core-Vent Corp., 11 F.3d at 1487-88. Courts view these factors as a sliding scale: the weaker a plaintiff's proof on the other requirements (purposeful availment and defendant's forum-related activities), the less a defendant needs to show in terms of unreasonableness to defeat jurisdiction. See Burger King Corp., 471 U.S. at 477.

Here, as discussed above, Lennox International has had no contacts with California. Lennox did not purposefully avail itself of any activities in California. Rather, Lennox International is simply a holding company. Therefore, on the sliding scale, Lennox International does not need to demonstrate a high level of unreasonableness because Plaintiffs cannot meet their burden of showing that this Court has personal jurisdiction over Lennox International.

Regardless, examining the pertinent factors shows that, without a doubt, the exercise of personal jurisdiction over Lennox International in California would be unreasonable. Lennox

International has absolutely no contacts with California, has not purposefully interjected itself into California, and would be burdened by defending a national class action lawsuit in a state where it maintains no offices or employees. Additionally, on the issue of sovereignty, the States of Texas and Delaware have an interest in overseeing the activities of their corporations, including Lennox International. And finally, alternative forums exist, such as Texas or Deleware, where Lennox International may be subject to personal jurisdiction. For these reasons, the Court has no basis to exercise specific jurisdiction over Lennox International.

### C. The Contacts Of Lennox Hearth And Superior Fireplace Company Cannot Be Imputed To Lennox International

As noted earlier, Plaintiffs allege in their Complaint that each of the Defendants were at all times "the agents, servants, controlling and actively participating parents, subsidiaries, affiliates, relations, or employees" of each other. (Compl. ¶ 12.) Plaintiffs likewise allege that in engaging in the conduct alleged in the Complaint, "each Defendant acted as the agent for ach of the other Defendants, or those defendants' predecessor in interest." (*Id.* ¶ 13.) Lennox International anticipates that based on these allegations, Plaintiffs may attempt to argue that Lennox Hearth's and/or Superior Fireplace Company's contacts with California should be imputed to Lennox International for purposes of establishing personal jurisdiction. This argument is entirely misplaced and devoid of any merit whatsoever.

"The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." Doe, 248 F.3d at 925 (citing Tansure, Inc. v. Marsh and McLennan, Inc., 766 F.2d 1297, 1299 (9th Cir. 1985)); Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781, fn. 13 (1984); Holland America Line Inc. v. Wartsila North America, Inc., 485 F.3d 450, 459 (9th Cir. 2007) ("where a parent and a subsidiary are separate and distinct corporate entities, the presence of one ... in a forum state may not be attributed to the other"). "[A] parent corporation may be directly involved in the activities of its subsidiaries without incurring liability so long as that involvement is 'consistent with the parent's investor status.'" Doe, 248 F.3d at 926 (quoting United States v. Bestfoods, 524 U.S. 51, 69, 118 S. Ct. 1876

(1998)). "Appropriate parental involvement includes: monitoring of the subsidiary's performance, supervision of the subsidiary's finance and capital budget decisions, and articulation of general policies and procedures." Id. (internal quotation omitted).

Thus, the minimum contacts of a subsidiary will only be imputed to its parent corporation "if the parent and subsidiary are not really separate entities, or one acts as an agent of the other." Doe, 248 F.3d at 926 (quoting El-Fadl v. Central Bank of Jordan, 75 F.3d 668, 676 (D.C. Cir. 1996)). Both an alter ego and agency relationship is "typified by parental control of the subsidiary's internal affairs or daily operations." Id.

Here, Lennox International has never had control over the internal affairs or daily operations of either Lennox Hearth or the former Superior Fireplace Company. As a result, these entities are clearly separate entities from Lennox International.

### 1. Plaintiffs Do Not Allege And Cannot Prove That Lennox International Is The Alter Ego Of Lennox Hearth Or Superior Fireplace Company

To satisfy the alter ego exception to the general rule that a subsidiary and the parent are separate entities, Plaintiffs must make out a prima facie case "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." Doe, 248 F.3d at 926 (quoting American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 591 (9th Cir. 1996) (citations omitted)); Laird v. Capital Cities/ABC, Inc. (1998) 68 Cal.App.4th 727, 742 (citing Institute of Veterinary Pathology v. California Health Laboratories (1981) 116 Cal.App.3d 111, 119-120). The first prong of this test has alternately been stated as requiring a showing that the parent controls the subsidiary "to such a degree as to render the latter the mere instrumentality of the former." Doe, 248 F.3d at 926 (quoting Calvert v. Huckins, 875 F.Supp. 674, 678 (E.D.Cal.1995)). Plaintiffs cannot make either showing here.

Plaintiffs do not allege and cannot show that Lennox International "is involved in the day-to-day operations" of either Lennox Hearth or Superior Fireplace Company. Doe, 248 F.3d at 927. In fact, just the opposite is true. As discussed above, Lennox Hearth makes its own decisions with respect to how it conducts its business and how it operates, as did Superior

Fireplace Company prior to the merger. (Fernandez Decl. ¶¶ 5 and 9.) Lennox International does not direct, instruct, or in anyway control any operations of Lennox Hearth, and did not direct instruct or in any way control any operations of Superior Fireplace Company. (*Id.*) Lennox International does not conduct business on behalf of either Lennox Hearth or Superior Fireplace Company, nor does it cause Lennox Hearth or Superior Fireplace Company to conduct any business on behalf of Lennox International. (*Id.*)

Likewise, Plaintiffs cannot show that Lennox International, Lennox Hearth, and Superior Fireplace Company (before the merger) have failed to observe corporate formalities. See Doe, 248 F.3d at 928. Again, the contrary is true. (See Fernandez Decl. ¶¶ 6 and 10.) Plaintiffs do not allege otherwise in their Complaint.

Finally, Plaintiffs have not alleged and cannot allege that disregarding the separateness of Lennox International and either Lennox Hearth or Superior Fireplace Company prior to the merger is needed to avoid fraud or injustice. Accordingly, Plaintiffs cannot demonstrate that there is such a unity of interest and ownership between Lennox International and either Lennox Hearth or Superior Fireplace Company prior to the merger that the separate personalities of the two entities no longer exist. Plaintiffs therefore cannot rely on alter ego as a basis for asserting personal jurisdiction over Lennox International.

  **2.** ***Neither Lennox Hearth Nor Superior Fireplace Company Is An "Agent" Of Lennox International***

In order to establish that either Lennox Hearth or Superior Fireplace Company is an agent of Lennox International for purposes of personal jurisdiction, Plaintiffs must show that Lennox Hearth and/or Superior Fireplace Company functions as Lennox International's representative in that it performs services that are "sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services." Doe, 248 F.3d at 928 (quoting Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1405 (9th Cir.1994)). "[I]f a subsidiary performs functions that the parent would otherwise have to perform, the subsidiary then functions as 'merely the incorporated department of its parent.'" Id. (quoting Gallagher v. Mazda Motor of America, Inc.,

781 F.Supp. 1079, 1083-84 (E.D. Pa. 1992)).

"At an irreducible minimum, the general agency test requires that the agent perform some service or engage in some meaningful activity in the forum state on behalf of its principal such that its 'presence substitutes for presence of the principal.'" Doe, 248 F.3d at 928 (quoting Gallagher, 781 F.Supp. at 1084). The outcome of this test is simple where, as here, the parent corporation is simply a holding company. In such a situation, the holding company "could simply hold another type of subsidiary" to continue its business, and thus "imputing the subsidiaries' jurisdictional contacts to the parent would be improper." Doe, 248 F.3d at 929 (citing Gallagher, 781 F.Supp. at 1085). "Where a holding company is nothing more than an investment mechanism, i.e., a device for diversifying risk through corporate acquisitions, the subsidiaries conduct business not as its agents but as its investments." Id. (quoting Bellomo v. Pennsylvania Life Co., 488 F.Supp. 744, 746 (S.D.N.Y. 1980)).

Applying this rationale, the Ninth Circuit in Doe found no agency relationship under facts similar to those at issue here. "[T]he fact that [the parent corporation] indirectly owns or holds the stock of [its two subsidiaries] does not, without more, convert these two corporations into general agents for [the parent corporation] for jurisdictional purposes under the Ninth Circuit's agency test." Doe, 248 F.3d at 930 (refusing to impute contacts of either operational subsidiaries or subsidiary holding companies to parent corporation for jurisdictional purposes, and finding that court lacked personal jurisdiction over the parent).

As in Doe, Lennox International acts merely as a holding company. (Fernandez Decl. ¶ 3.) Plaintiffs cannot show that in the absence of Lennox Hearth, or Superior Fireplace Company before the merger, Lennox International would design, engineer, test, assemble, manufacture, distribute, supply, market, advertise, sell, maintain, or place on the market any of Lennox Hearth's or Superior Fireplace Company's products. See Doe, 248 F.3d 929. Nor, does Lennox International directly control the day-to-day activities of either Lennox Hearth or Superior Fireplace Company. (Fernandez Decl. ¶¶ 5 and 9.) Thus, under Doe, Plaintiffs cannot demonstrate that either Lennox Hearth or Superior Fireplace Company is an agent of Lennox International for jurisdictional purposes. See Doe, 248 F.3d 928-930.

## V.  CONCLUSION

For the foregoing reasons, Defendant Lennox International respectfully requests that the Court grant this motion and dismiss Lennox International from this matter for lack of personal jurisdiction.

DATED:  June 27, 2008			DOWNEY BRAND LLP


By: /s/ William R. Warne
WILLIAM R. WARNE
Attorney for Defendants LENNOX HEARTH PRODUCTS, INC.; LENNOX INTERNATIONAL, INC.; SUPERIOR FIREPLACE COMPANY