DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
MICHAEL J. THOMAS (Bar No. 172326)
MEGHAN M. BAKER (Bar No. 243765)
555 Capitol Mall, Tenth Floor
Sacramento, CA 95814-4686
Telephone:  (916) 444-1000
Facsimile:   (916) 444-2100

Attorneys for Defendants LENNOX HEARTH PRODUCTS INC.; LENNOX INTERNATIONAL INC.; SUPERIOR FIREPLACE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK KEILHOLTZ and KOLLEEN KEILHOLTZ for themselves and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR FIREPLACE COMPANY; LENNOX HEARTH PRODUCTS INC.; LENNOX INTERNATIONAL INC. and DOES 1 through 25, Inclusive,<br><br>Defendants. | CASE NO. 3:08-cv-00836-SI<br><br>**DECLARATION OF KENNETH C. FERNANDEZ IN SUPPORT OF DEFENDANT LENNOX INTERNATIONAL INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>[Notice of Motion and Motion and Memorandum of Points and Authorities filed concurrently herewith.]<br><br>Date: August 11, 2008<br>Time: 9:00 a.m.<br>Courtroom: 10<br>Judge: Hon. Susan Illston<br><br>Complaint Filed February 6, 2008 |

I, KENNETH C. FERNANDEZ, declare:

1. I am the Associate General Counsel and Assistant Secretary for Lennox International Inc. ("Lennox International"). I am an attorney and active member of the Texas State Bar and have been licensed to practice in the State of Texas since 1988. I serve as legal counsel to Lennox International and as one of its officers. I am based in Lennox International's headquarters in Richardson, Texas. I provide this declaration in support of Lennox International's Motion to Dismiss for Lack of Personal Jurisdiction, in the above-referenced case.

935937.2

1

1  I am over the age of eighteen and competent to testify to the matters and facts set for in this
2  declaration. I have personal knowledge of the facts set forth herein and would testify to them if
3  called upon to do so.
4      2.      Since 2001, I have served as Lennox International's Associate General Counsel
5  and Assistant Secretary. My duties and responsibilities include maintaining the corporate minute
6  books as well as providing legal services for the corporation. As a corporate attorney, I have
7  experience regarding an array of business transactional matters, including legal issues pertaining
8  to the interrelationship between separate corporate entities, such as that between a holding or
9  parent company and its subsidiary companies. As part of my duties and responsibilities as
10 Lennox International's Associate General Counsel and Assistant Secretary, I am knowledgeable
11 regarding the scope of Lennox International's business operations and its corporate and legal
12 relationship to its numerous subsidiary companies. In particular, I am knowledgeable regarding
13 the relationship between Lennox International and Lennox Hearth Products Inc. ("Lennox
14 Hearth"). I am also knowledgeable regarding the relationship between Lennox International and
15 Superior Fireplace Company.
16     3.      Lennox International is a corporation duly organized under Delaware law. Its
17 principal place of business is Richardson, Texas. Lennox International is not and has never been
18 qualified to do business in the State of California, and does not conduct business in California.
19 Lennox International does not have any offices or any employees in California. Lennox
20 International does not ship any merchandise to California, have any contracts with suppliers or
21 vendors in California, or do any advertising in California. In fact, Lennox International does not
22 design, engineer, test, assemble, manufacture, distribute, supply, market, advertise, sell, maintain,
23 or place any products on the market in California or any other state. Rather, Lennox International
24 operates solely as a holding company for numerous subsidiaries. It performs no operations and
25 conducts no business other than that of a holding company. The only control exercised by Lennox
26 International over its subsidiaries is by the exercise of its shareholder rights which are primarily
27 the rights to elect the boards of directors of the various subsidiaries. Each subsidiary makes its
28 own decisions with respect to how it will conduct its specific business.

935937.2                                    2

DECLARATION OF KENNETH C. FERNANDEZ ISO MOTION TO DISMISS

4. Lennox International is the holding company for Lennox Industries, Inc., which is a corporation duly organized under Iowa law. Lennox Industries, Inc. wholly owns LHP Holdings, Inc., which is a corporation duly organized under Delaware law. LHP Holdings, Inc., in turn, is the holding company for Lennox Hearth, which is a corporation duly organized under California law.

5. Lennox International and Lennox Hearth have been formed as, and have always operated as, separate corporate entities. Lennox Hearth makes its own decisions with respect to how it conducts its business and how it operates. Lennox International does not direct, instruct, or in anyway control any operations or the day-to-day activities of Lennox Hearth. Lennox International does not conduct business on behalf of Lennox Hearth, nor does it cause Lennox Hearth to conduct any business on behalf of Lennox International. Lennox International has not granted authority to Lennox Hearth to act as Lennox International's agent in the conduct of any business affairs, including any affairs relating to Lennox Hearth's products. Specifically, Lennox International has not directed, instructed, or in anyway controlled Lennox Hearth with respect to the design, engineering, testing, assembling, manufacturing, distributing, supplying, marketing, advertising, selling, maintaining, or placing on the market, of any of Lennox Hearth's products.

6. Lennox International does not commingle funds or other assets with Lennox Hearth. The funds and assets of Lennox International and Lennox Hearth are segregated. Lennox International does not hold itself out as liable for the debts of Lennox Hearth. Lennox International and Lennox Hearth both maintain separate minutes and corporate records. Lennox International and Lennox Hearth do not use the same offices or business locations. Neither Lennox International nor Lennox Hearth is undercapitalized. Both Lennox International and Lennox Hearth observe all corporate formalities required by law.

7. In 1998, SFC Holdings, a wholly owned subsidiary of Hearth Products Inc., purchased Superior Fireplace Company. SFC Holdings thereafter changed its name to Superior Fireplace Company.

8. Effective January 11, 2001, Superior Fireplace Company, Hearth Trends, Inc. and FireCraft Technologies, Inc. merged into Marco Manufacturing, Inc. Also effective January 11,

1   2001, Marco Manufacturing, Inc. changed its name to Lennox Hearth.

2       9.   Prior to the merger, Superior Fireplace Company made its own decisions with respect to how it conducted its business and how it operated. Lennox International did not direct, instruct, or in any way control any operations or the day-to-day activities of Superior Fireplace Company. Lennox International did not conduct business on behalf of Superior Fireplace Company, nor did it cause Superior Fireplace Company to conduct any business on behalf of Lennox International. Lennox International never granted authority to Superior Fireplace Company to act as Lennox International's agent in the conduct of any business affairs, including any affairs relating to Superior Fireplace Company's products. Lennox International did not ever direct, instruct, or in anyway control Superior Fireplace Company with respect to the design, engineering, testing, assembling, manufacturing, distributing, supplying, marketing, advertising, selling, maintaining, or placing on the market, of any of Superior Fireplace Company's products.

3       10.  Lennox International never commingled funds or other assets with Superior Fireplace Company. The funds and assets of Lennox International and Superior Fireplace Company, prior to the merger, were segregated. Lennox International never held itself out as liable for the debts of Superior Fireplace Company. Lennox International and Superior Fireplace Company both maintained separate minutes and corporate records. Lennox International and Superior Fireplace Company never used the same offices or business locations. Neither Lennox International nor Superior Fireplace Company, prior to the merger, was undercapitalized. Both Lennox International and Superior Fireplace Company prior to the merger observed all corporate formalities required by law.

4       11.  I have reviewed the complaint filed in the above-referenced action and based upon such review, Lennox International had no involvement in the design, engineering, testing, assembling, manufacturing, distributing, supplying, marketing, advertising, selling, maintaining, or placing on the market, of the fireplaces at issue in this action.

////

////

////

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in Richardson, Texas, on June 27, 2008.

*[signature]*

KENNETH C. FERNANDEZ