DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
MICHAEL J. THOMAS (Bar No. 172326)
MEGHAN M. BAKER (Bar No. 243765)
555 Capitol Mall, Tenth Floor
Sacramento, CA 95814-4686
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
bwarne@downeybrand.com
mthomas@downeybrand.com
mbaker@downeybrand.com

Attorneys for Defendants
SUPERIOR FIREPLACE COMPANY; LENNOX
HEARTH PRODUCTS INC.; LENNOX
INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK KEILHOLTZ and KOLLEEN KEILHOLTZ for themselves and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR FIREPLACE COMPANY; LENNOX HEARTH PRODUCTS INC.; LENNOX INTERNATIONAL INC. and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. C 08-00836SI<br><br>**MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 9(b) AND 12(b)(6); POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      October 3, 2008<br>Time:     9:00 a.m.<br>Location: Courtroom 10<br><br>Complaint Filed February 6, 2008 |

938379.5

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on October 3, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 10 of the United States District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, that Defendant Superior Fireplace Company ("Defendant" or "Superior") will move to dismiss the Complaint filed by Plaintiffs Kirk and Kolleen Keilholtz ("Plaintiffs") under Federal Rules of Civil Procedure 9(b) and 12(b)(6) on the following grounds:

1. Defendant hereby joins in the Motion to Dismiss Under Federal Rules of Civil Procedure 9(b) and 12(b)(6) filed by Defendants Lennox Hearth Products Inc. and Lennox International Inc. on June 27, 2008, which is also scheduled to be heard on October 3, 2008.

2. Defendant moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(6) with prejudice on the grounds that Defendant merged with other companies in January 2001 and is no longer in existence. Plaintiffs, therefore, cannot state a post-merger claim upon which relief can be granted against Defendant.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Request for Judicial Notice in support thereof, all of the pleadings and papers on file in this matter, the Motion to Dismiss Under Federal Rules of Civil Procedure 9(b) and 12(b)(6) filed on June 27, 2008, as well as the Points and Authorities in support thereof, and upon such oral or documentary evidence that may be presented at the hearing.

////
////
////
////
////
////
////
////

938379.5

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

### I. INTRODUCTION

The instant litigation is one of four actions filed by the Clayeo C. Arnold law firm ("Arnold Firm") against Defendants Superior Fireplace Company ("Superior") and Lennox Hearth Product Inc. ("Lennox Hearth"). From the time the Arnold Firm filed the first action more than a year ago, Lennox Hearth has repeatedly informed the Arnold Firm that Superior merged into Marco Manufacturing, Inc. ("Marco") in January 2001, that Marco changed its name to Lennox Hearth, that Superior ceased to exist as of the merger date, and that under well-established authority, no claim can be maintained against Superior, a merged out entity. *See* Cal. Corp. Code § 1107(c) (indicating that a lawsuit may be maintained against a merged out corporation only if that lawsuit was pending at the time of the merger); *Asher v. Pacific Power and Light Co.*, 249 F. Supp. 671, 677 (N.D. Cal. 1965) (holding that merged out corporation could not be joined as a defendant to a lawsuit initiated subsequent to merger); 8 Del. Code § 259(a).

To support its well founded position, Defendant provided Plaintiffs with the Plan and Agreement of Merger, on file with California Secretary of State, which confirms the merger and that Superior no longer exists.

Despite this incontrovertible evidence, the Arnold law firm chose to file yet another action against Superior, this time on behalf of Plaintiffs Kirk and Kolleen Keilholtz ("Plaintiffs"). Since the filing of this lawsuit, counsel for Defendant has repeatedly requested that Plaintiffs dismiss Superior from the litigation given that Plaintiffs filed their action on February 6, 2008 – *seven years* after Superior merged out of existence – and that Plaintiffs cannot maintain an action against a merged-out entity. Defendant has been patient, trying to work with Plaintiffs to resolve this issue without court intervention. Despite a plethora of letters, emails and telephone calls between counsel for Defendant and the Arnold Firm on this issue, Plaintiffs have refused and continue to refuse to dismiss Superior from this litigation. As a result, Defendant has been forced to file this Motion to Dismiss the Complaint against Superior with prejudice.

////

////

938379.5

2

## II. ISSUES TO BE DECIDED

Whether Plaintiffs can maintain a post-merger cause of action against Superior, a merged out corporation that no longer exists.

## III. FACTUAL BACKGROUND

Plaintiffs filed their Class Action Complaint against Superior on February 6, 2008. (Defendant's Request for Judicial Notice ("RFJN"), Ex. 1.) Plaintiffs purport to represent a national class of consumers who own homes in the United States in which one or more Superior or Lennox brand single pane sealed glass front fireplaces have been installed within ten (10) years before the date of the filing of the Complaint. (*Id.*) In the Complaint, Plaintiffs allege three claims against Superior and other Defendants for (1) violation of California Business and Professions Code section 17200, (2) violation of the Consumer Legal Remedies Act, and (3) unjust enrichment.[1] (*Id.*) Notwithstanding these allegations, Plaintiffs cannot maintain any of their claims against Superior because that entity merged out of existence in January 2001, *seven* years before Plaintiffs filed their Complaint. (*See generally* RFJN, Ex. 2; RFJN, Ex. 3.)

Specifically, on January 11, 2001, Marco filed a Plan and Agreement of Merger ("Agreement") with the California Secretary of State. (*Id.*) Pursuant to this Agreement, Superior, along with several other entities (the "Constituent Corporations"), merged into Marco. (*Id.*) As a result of this merger, Superior and the other Constituent Corporations ceased to exist:

> *Upon the date of the merger, the separate existence of Superior, Hearth Trends and FCT [Constituent Corporations] shall cease* and Marco, the Surviving Corporation, shall possess all the rights, privileges and powers and shall be subject to all the restrictions, disabilities and duties of each of the Constituent Corporations; and all the rights, privilege, and powers of each of the Constituent Corporations . . . shall be vested in the Surviving Corporation.

(*Id.* at ¶ 1.2 (emphasis added).) Additionally, Marco, as the surviving corporation, expressly assumed the liabilities of Superior and the other Constituent Corporations:

> [A]ll debts, liabilities, and duties of the respective Constituent Corporations shall thenceforth attach to the Surviving Corporation, and may be enforced against it to the same extent as if said debts,

---

[1] On June 27, 2008, Defendants Lennox Hearth and Lennox International Inc. filed a Motion to Dismiss Under Federal Rules of Civil Procedure 9(b) and 12(b)(6). Superior joins in that Motion.

938379.5

3

MOTION TO DISMISS/ POINTS AND AUTHORITIES IN SUPPORT THEREOF

liabilities and duties had been incurred or contracted by it.

(*Id.*) Upon the effective date of merger, Marco changed its name to Lennox Hearth, one of the Defendants also named in this lawsuit. (*Id.* at ¶ 3.1.)

## IV. LEGAL ANALYSIS

### A. Legal Standard for 12(b)(6) Motion

The undisputed facts, which are judicially noticeable on this Motion to Dismiss, demonstrate that Plaintiffs cannot maintain a claim against Superior, making dismissal of the Complaint appropriate under Federal Rule of Civil Procedure 12(b)(6). Under this rule, a court must dismiss a complaint when a plaintiff has not plead a cognizable legal theory or plead sufficient facts to support such a theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). For purposes of such a motion, the court must construe the complaint in the light most favorable to the plaintiff. *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). However, the court need not accept as true allegations that are merely conclusory, unwarranted deductions of fact, unreasonable inferences, or legal characterizations cast in the form of factual allegations. *See Spreewell v. Golden State Warriors*, 266 F.3d 979, 987 (9th Cir. 2001); *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Additionally, the court cannot assume that the plaintiffs can prove facts which have not been alleged. *Country Nat'l Bank v. Mayer*, 788 F. Supp. 1136, 1139 (E.D. Cal. 1992) (quoting *Associated Gen. Contractors v. Cal. State Council*, 459 U.S. 519, 526 (1983)). Further, on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *Magic Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (1986).

### B. Plaintiffs Cannot State a Claim Against Superior Because They Did Not File Their Lawsuit Before the Merger in 2001.

A merger is an "organic change in the enterprise" whereby "constituent corporations are merged into a surviving corporation." *J.C. Peacock, Inc. v. Hasko*, 184 Cal.App.2d 142, 150 (1960); Friedman, *Cal. Practice Guide: Corporations*, Ch. 8-B § 8:161 (explaining the merger process generally and stating that upon a merger all "shares of stock in the absorbed or 'disappearing' corporation are converted into shares of stock or other securities of the 'survivor'

938379.5

4

corporation"). Whether a corporation continues after a merger generally depends on the law of the state of its incorporation. *J.C. Peacock*, 184 Cal.App.2d at 150. With respect to Superior, that entity was incorporated in Delaware and the merger was effectuated in California. (RFJN, Ex. 2, at pg. 1 & ¶ 2.1; RFJN, Ex. 3 at pg. 3.) Both Delaware and California law regarding mergers and the effects of mergers are substantially similar.

In both states, when a merger occurs, the separate existence of the constituent corporation ceases and the surviving corporation is subject to all the debts and liabilities of the constituent corporation and can be enforced against the surviving corporation. Cal. Corp. Code § 1107(a) (stating that upon a merger "the separate existence of the disappearing corporations ceases and the surviving corporation shall succeed . . . to all the rights and property of each of the disappearing corporations and shall be subject to all the debts and liabilities of each in the same manner as if the surviving corporation had itself incurred them"); 8 Del. Code § 259(a) (stating "[w]hen any merger or consolidation shall have become effective . . . the separate existence of all the constituent corporations . . . shall cease . . . [and] the rights, privileges, powers and franchises of each of said corporations . . . shall be vested in the corporation surviving or resulting from such merger or consolidation . . . and all debts, liabilities and duties of the respective constituent corporations shall thenceforth attach to said surviving or resulting corporation"); Friedman, *Cal. Practice Guide: Corporations*, Ch. 8-B § 8:161 (explaining that upon a merger "the assets and liabilities of the disappearing corporation are transferred by operation of law to the survivor"); *id.* § 8:191 (stating "[o]n the effective date [of a merger], the disappearing corporation ceases to exist" and "is absorbed into the surviving corporation, and all of its business, assets, rights and liabilities pass to the survivor by operation of law").

As a result, **after a merger, a lawsuit may not be initiated against the merged out corporation, but instead must be directed against the surviving corporation that assumed the liabilities of the disappearing corporation**. *See* Cal. Corp. Code § 1107(c) (indicating that a lawsuit may be maintained against a disappearing corporation only if that lawsuit was pending at the time of the merger); *Asher v. Pacific Power and Light Co.*, 249 F. Supp. 671, 677 (N.D. Cal. 1965) (holding that merged corporation could not be joined as a defendant to a lawsuit initiated

subsequent to merger); 8 Del. Code § 261 (indicating that lawsuit may be maintained against a merged corporation only if that lawsuit was pending at the time of the merger); *Walton v. Morgan Stanley & Co. Inc.*, 623 F.2d 796, 803 (2nd. Cir. 1980) (Oaks, dissenting) (same); 15 Fletcher Cyc. Corp. (2008) § 7082 (explaining that "[o]nce a corporate merger has been completed, the absorbed corporation immediately ceases to exist as a separate entity, and may no longer be named a party in litigation in an action arising after the merger is consummated").

Official state records confirm that Superior merged into Marco in January 2001 and that Superior ceased to exist as of that date. (RFJN, Ex. 2 at ¶ 1.2 (stating "[u]pon the date of the merger, the separate existence of Superior . . . *shall cease*") (emphasis added); RFJN, Ex. 3 (stating "STATUS MERGED OUT 01/11/2001".) Plaintiffs initiated their lawsuit seven years after Superior merged out of existence. (RFJN, Ex. 1.) Consequently, Plaintiffs cannot maintain an action against Superior, only against Lennox Hearth, the surviving corporation from that merger. *See* Cal. Corp. Code § 1107(c); *Asher*, 249 F. Supp. at 677; 8 Del. Code Ann. §§ 259(a), 261; *Walton*, 623 F.2d at 803. Therefore, the Complaint should be dismissed against Superior with prejudice, as no claims can be maintained against that former entity. *See generally Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (the court may dismiss the complaint without leave to amend if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

## V. CONCLUSION

Over the past year, Defendant has repeatedly explained to the Arnold Firm that Superior merged into Marco, produced the Agreement and other documents pertaining to that merger, and provided legal authority demonstrating that no lawsuit could be maintained against Superior as a merged out corporation. Despite this knowledge, the Arnold Firm chose to file this action against Superior -- conduct which clearly runs afoul of Rule 11 of the Federal Rules of Civil Procedure. *See generally* Fed. R. Civ. Proc. 11(b)-(c) (stating that pleadings filed with the court must have legal and factual support); *Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 554 (1991) (explaining that Rule 11 imposes "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing"). Given that no lawsuit can be maintained against Superior --

1  something the Arnold firm knew or should have known before filing this suit -- this Court should
2  dismiss the Complaint against Superior with prejudice.
3  DATED: July 14, 2008                    DOWNEY BRAND LLP

5                                           By: /s/ William R. Warne
6                                               WILLIAM R. WARNE
                                                Attorney for Defendants