DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
MICHAEL J. THOMAS (Bar No. 172326)
MEGHAN M. BAKER (Bar No. 243765)
555 Capitol Mall, Tenth Floor
Sacramento, CA  95814-4686
Telephone:    (916) 444-1000
Facsimile:    (916) 444-2100
bwarne@downeybrand.com
mthomas@downeybrand.com
mbaker@downeybrand.com

Attorneys for Defendants LENNOX HEARTH PRODUCTS INC.; LENNOX INTERNATIONAL INC.; SUPERIOR FIREPLACE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK KEILHOLTZ and KOLLEEN KEILHOLTZ for themselves and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR FIREPLACE COMPANY; LENNOX HEARTH PRODUCTS INC.; LENNOX INTERNATIONAL INC. and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No.  3:08-cv-00836-SI<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 9(b) AND 12(b)(6)**<br><br>Date:  October 3, 2008<br>Time:  9:00 a.m.<br>Courtroom:  10<br><br>Complaint Filed February 6, 2008 |

Defendant Superior Fireplace Company ("Superior") has moved to dismiss the Complaint filed by Plaintiffs Kirk and Kolleen Keilholtz ("Plaintiffs") under Federal Rules of Civil Procedure 9(b) and 12(b)(6).  Having read and considered all papers supporting and opposing the Motion, Court **HEREBY GRANTS** the Motion as follows:

1.  Superior joined in the Motion to Dismiss Under Federal Rules of Civil Procedure 9(b) and 12(b)(6) filed by Defendants Lennox Hearth Products Inc. ("LHP") and Lennox International Inc. ("Lennox") on June 27, 2008, which was also scheduled to be heard on October 3, 2008.  The Court hereby grants Superior's joinder and dismisses Plaintiffs' claims as Ordered

939533.1

1

in the Court's Order Granting the Motion to Dismiss Under Federal Rules of Civil Procedure 9(b) and 12(b)(6) filed by LHP and Lennox.

    2.    The Court also dismisses the Complaint with prejudice against Superior on the grounds that this entity merged with other companies in January 2001 and is no longer in existence. Plaintiffs, therefore, cannot state a post-merger claim against Superior upon which relief can be granted.

**IT IS SO ORDERED.**

DATED: _____     SIGNED:_____
                                                          JUDGE OF THE UNITED STATES
                                                                DISTRICT COURT